## THE STATE v. BECKER.

*Murder—Indictment—Malice—Self-Defence—Defence of Possessions.*

In trying an indictment for murder of the first degree the jury's right to convict of murder of the second degree, or of manslaughter, should not be exercised capriciously, but be warranted by the proof submitted to them.

In an indictment for murder, malice is a necessary element of the crime, to be alleged in the indictment and shown to the jury: but whenever a homicide is committed with a deadly weapon, or instrument likely to produce death, the law adjudges that the act was a malicious, and therefore murderous one, unless the accused can show that it was purely accidental, or excusable on the ground of self defence or defence of one's habitation, or done in the heat and excitement of uncontrollable passion, not out of proportion to the provocation given, and which the slayer was powerless to resist; in the case of homicide in self defence the slayer must be in actual present danger of life or limb, not according to his own belief only, but must have been so in fact, in the judgment of the jury, upon the proof of the case.

In the case of homicide in defence of one's possessions, the trespass must be into one's dwelling house, and all means of expulsion must have failed, before there can be justifiable homicide of the intruder. A mere tresspass on property will not justify a homicide.

(*New Castle, December 2, 1885.*)

INDICTMENT for murder.

*John Biggs*, Attorney General, for the State.

*Levi C. Bird* and *Andrew E. Sanborn*, for the prisoner.

COMEGYS, C. J., charging the jury:

*Gentlemen of the Jury:* The indictment in this case charges the prisoner, Becker, with the crime of murder of the first degree. As there are in law other kinds of homicide, it is proper that I should inform you what they are; and also that though you should not be able from the testimony to convict the prisoner of murder

of the first, yet should the evidence be sufficient to convict him of murder of the second degree, you may find him guilty of such degree; and if it be not sufficient for that, then, if the killing was wrongful, being neither excusable, justifiable, nor accidental, you may find him guilty of manslaughter, simply. But it is also my duty to say to you, and I do it now in the outset, that it is not your province to decide, of your own mere pleasure, whether you will upon an indictment for murder of the first degree and proof of a felonious homicide, convict of one grade of that crime, or another: but it is your duty, upon such an indictment, to determine the grade of crime, by the law and the evidence only. Therefore where it is said that the jury, in trying an indictment for murder of the first degree, may convict of murder of the second degree, or of manslaughter, nothing more is meant than that the jury, if they find the specific charge not supported, may award to the offence committed a verdict of murder of the second degree, or of manslaughter, respectively, *as the evidence shall determine the grade.* The jury's right should not be exercised capriciously, but be warranted by the proof submitted to them. Of course if there be not evidence before the jury justifying any adverse verdict, they may and should acquit altogether. There is a very erroneous idea prevailing that jurors can do as they please in a capital case. They have the mere power, of course to do so, and so far the notion is correct; but they have no *right* to do so, for that would be to make the oath they take, *to render a true verdict according to the evidence,* a mere form—which it, by no means, is; but a very solemn obligation binding in law, a breach of which the conscience can never condone. However unpleasant the duty devolving upon a jury by the qualification administered to them by the Court's order, it may not be avoided, or evaded: and where the honest rendition of it involves the loss of his life by one accused of a capital crime, those who give it have but said, after all by their verdict of guilty that the charge has been proven. The community where the law exists has provided the punishment for crimes: no jury fixes it.

Murder is, in brief, the killing of one person by another, with malice aforethought, or preconceived. The term malice does not mean simply revengefulness, or hatred, but a depraved state of the heart—wickedness. This depravity may not be a characteristic of the slayer, who may in fact be in general a man of good and not bad heart; but if act or conduct of his, to the injury of another, is a wicked act, or act denoting depravity at the time, it is a malicious act in law. If a man should recklessly fire off a gun in a crowded place, and some one though a perfect stranger to him should be killed thereby, the act would be a wicked act in fact and in law, and therefore malicious.

Where the person who slays another, does it deliberately, that is with a design to kill him, and without the existence of any circumstances which in law are a justification or excuse, he is guilty of murder of the first degree: he is said to have acted with express malice. Where one lies in wait for another and kills him; where there is a grudge on his part towards his victim; where he deliberately prepares poison for him which kills him; or where in attacking him, he deliberately selects a deadly weapon; all these things are the evidence of malice, and are said to be express, though not a word may ever have been uttered by the prisoner against him whom he slew.

Every grade of homicide which does not descend to that of manslaughter, is murder. That which has characteristics such as some I have pointed out, is murder of the first degree. But there are many malicious homicides which are not murder of the first degree; such are murder of the second degree. This offence differs from the other in two respects—*1st*, it is now punished differently; and *2d*, there is no express malice, but malice is implied in law. One of the instances of this crime is where a man recklessly shoots into a crowd, or rides or drives furiously into it, so that some person is killed; another is, where a person is guilty of a deliberate cruel act likely to produce death but without actual design to take life, and death follow; another is where one is engaged in committ-

ing or attempting to commit any felonious act whatever, and some one is killed by it. An example of the latter is where one shooting at poultry with intent to steal it, misses his aim, and kills a human being; here he is guilty of murder of the second degree, because the larceny of the poultry would be a felony.

Manslaughter is where, according to the general acceptance of the term, one kills another upon sudden provocation, in the heat of blood. This is not called a *malicious* homicide, because of the heat of blood which negatives the idea of premeditation, or general depravity of heart; but it is by law felonious, because neither justiable nor excusable. A familiar example of this offence is where two men suddenly fall out and fight, and one in a transport of passion kills the other. The law having regard to the infirmities of men's tempers, adjudges the crime to be manslaughter only. So where provocation of a grevious kind is given by one man to another, calculated to arouse him, and which does then excite him to madness, dethroning for the moment his reason, so that he is incapable of controlling his passions, or governing himself; killing by the person offended, under such circumstances, is manslaughter. But it is not every provocation that will reduce homicide from murder to manslaughter. It must bear some reasonable proportion to the act of killing. It is a serious provocation, unquestionably, to be publicly abused by false and offensive epithets or charges, or be stigmatized as having been guilty of a degrading crime; but the law will not allow the abused to strike the other, for that, with his fist even, for no mere words whatever will justify an assault; nor will a threat, unless accompanied by evidence of a present purpose to carry it into execution. And however great, or enormous the provocation may be, if there be time for the passion to cool, and reason to resume her sway, the act of killing will be murder, and of the first degree, because done under the influence of a spirit of revenge, which is always express malice.

A common example of justifiable homicide, is where the law

requires of a man that he take the life of another—as of a sheriff that he hang a condemned prisoner.

Excusable homicide is either in defence of one's own person, or that of some member of his family, or in defence of his possession of real estate. Where it is in defence of one's own self, it must appear that the slayer had no other means of protecting his own life. The law is very tender of human life, and will not allow a person assailed to slay his adversary, until he shall have resorted to all other means at hand to protect himself. And the protection must be to his life, or against some enormous bodily harm then threatening him—something impending, which, if not averted, will either kill him, or wound him grievously. Unless this state of things exist, the killing would be murder. The slayer must be in actual present danger of life or limb; it is not sufficient that he insist upon his trial that he was so according to his belief; he must have been so in fact, in the judgment of the jury, upon considering the proof of the surrounding facts. The doctrine that every man is to form his own judgment of when his life is in danger, is not a sound one, as it would substitute the slayer's judgment in every case for that of the jury: but the true doctrine is, that he shall submit his conduct to the test applied to that of all other reasonable men placed under similar circumstances. The facts must exist which show that the slayer had no other way to protect his life than by taking that of another. or he must be held guilty of crime.

With regard to homicide claimed to be excused on the ground of protection to one's possession of real estate, I have to say to you, that the law is very much like that of defence of the person: life is not to be taken until other means of expulsion have failed to rid the possessor, of the intruder upon his possession. And it must be a trespass into one's dwelling house that will excuse homicide if the intruder cannot be otherwise expelled: a simple entry upon land, is not to be treated as like that into a dwelling house, so as to justify the taking of life. A mere trespass on property will not justify a homicide.

Death by accident is where one is engaged in doing a lawful act, and unfortunately kills another. A familiar example is where a person is using a hatchet in a lawful manner and it fly off the handle and kill another, this is pure accident and not punishable. To justify a verdict of not guilty on the ground of accident, it must appear to the jury, from the proof before them, that the act done was the unfortunate result of a perfectly lawful act in itself, done with reasonable care, and regard for the lives and persons of others. If there be any negligence, or want of proper care, the loss of life, or injury to the person cannot be said to be purely accidental, but partly the consequence of the default of the individual killing the other and therefore subjecting him to indictment for the casualty.

Another word. In case of indictment for murder, the ingredient of malice (as I have defined it to you) is a necessary element of the crime, to be alleged in the indictment and shown to the jury: but whenever a homicide is committed with a deadly weapon, or instrument likely to produce death, the law adjudges that the act was a malicious, and therefore murderous one, unless the accused can show that it was purely accidental, or excusable on the ground of self defence or defence of one's habitation, or done in the heat and excitement of uncontrollable passion, not out of proportion to the provocation given, and which the slayer was powerless to resist.

Though not asked to do so, I say to the jury that no party charged with crime is to be convicted unless the jury are satisfied beyond a reasonable doubt that he is guilty. But the doubt must not be a vain or frivolous one, but such as grows out of the testimony in the case, and one that a reasonable mind, acting in the discharge of a high, legal and conscientious duty, is constrained by the evidence to entertain.

Verdict, manslaughter.