## STATE *vs.* JOHN MORAHAN.

*Criminal Law—Manslaughter; Voluntary and Involuntary— Unlawful Act—Cause of Death—Maltreatment of Wound —Misconduct of Deceased—Death from some other Cause than Wound.*

1.  Manslaughter, voluntary and involuntary defined.

2.  Manslaughter may arise from an unlawful act or from a lawful act done without proper caution or without requisite skill.    To establish this offense, it is necessary for the State to prove that the act of the prisoner which produced the wound was unlawful, and that the wound so produced was the cause of death.

3.  If the deceased staggered up against the prisoner and there was an unintentional collision and the prisoner used so much force as was reasonably necessary to get rid of contact with the body of the deceased, he did only what he had a right to do.    But if the prisoner intentionally came into contact with the deceased or used unreasonable violence, then his act was unlawful.

4.  But even though the act was unlawful, if death resulted from some other cause than the wound, the prisoner cannot be convicted. It is well established law that where the wounds are adequate or calculated to produce death, it is no excuse to say that had proper care and attention been given, recovery might have followed.    If death ensues from a wound given in malice, but not in its nature mortal, but which being neglected or mismanaged the person dies, this would not excuse the person who gave it and he would be held guilty, unless he could make it clearly and certainly appear that maltreatment of the wound or the misconduct of the wounded man, and not the wound itself, was the sole cause of his death. If, however, such maltreatment or misconduct only increased the danger of the wound, or accelerated the death, it would be no excuse.

(*November* 27, 1895.)

LORE, C. J., and GRUBB, CULLEN and MARVEL, Associate Judges, sitting.

*Robert C. White*, Attorney-General, and *Peter L. Cooper, Jr.*, Deputy Attorney-General, for the State.

*Walter H. Hayes* and *John Biggs* for the prisoner.

At a Court of Oyer and Terminer for New Castle County

beginning November 23, 1895, the prisoner was placed upon trial upon an indictment charging MANSLAUGHTER.

LORE, C. J., charging the jury:

Gentlemen of the jury:—John Morahan, the prisoner, is indicted for the crime of manslaughter.

On the twentieth day of September of the present year the prisoner met Nathaniel P. Walls, the deceased, at Second and Market streets in this City; they there had drinks together in a saloon; separated a short time and met next on Market Street, between Second and Third; after a short conference, they separated again and next met on Front Street, between French and Walnut streets, and together went to Stewart's saloon, at the corner of Walnut and Front streets. Separating there, the next meeting was on the platform of the P., W. & B. R. R. Depot, in this City.

The prisoner was there walking on the platform eastwardly and came into collision with the deceased, who was walking westwardly on the same platfrom. In such collision the deceased was there pushed, or thrown down upon the platform by the prisoner; his skull was fractured; he was carried unconscious to the Railroad Depot Hospital, and from there, the same evening to the Delaware Hospital, and the next day between eleven and twelve o'clock to his home on Walnut Street, between Fifth and Sixth streets in this City, where he remained until he died, on the first day of October last—eleven days after the injury.

The State claims that death resulted from the wound and that the accused is guilty of the crime charged.

Manslaughter, gentlemen, is the unlawful killing of another without malice, express or implied. It is either voluntary or involuntary.

Voluntary manslaughter is where one kills another in the heat of blood; and this usually occurs in fighting, or upon provocation.

Involuntary manslaughter is where one in committing an unlawful act, not felonious nor tending to great bodily harm, or

in committing a lawful act without proper caution, or without requisite skill, unguardedly or undesignedly kills another. It is manslaughter, if death results from an unlawful act, such as an unlawful assault, and also where it results from a lawful act committed without proper caution or requisite skill.

It has been held to be manslaughter where death resulted from allowing an unrully ox to run at large upon a highway; by carelessly laying poison to kill rats; where death ensues in a prize-fight; from throwing stones wantonly or in play; or where workmen throw rubbish from a house carelessly.

So that manslaughter may arise from an unlawful act or from a lawful act done without proper caution or without requisite skill.

To establish this offense, it is necessary for the State to prove to you, beyond a reasonable doubt, that the act of the prisoner which produced the wound was unlawful, and that the wound so produced was the cause of the death of Walls.

The prisoner claims that the assault in this case was lawful, and that even if it had not been, that Walls did not die from the wound, but from maltreatment or misconduct solely. If either of these be proved, you should acquit him.

If Walls staggered up against the prisoner and there was an unintentional collision, and the prisoner there used so much force as was reasonably necessary to get rid of contact with the body of the deceased, he only did what he had a right to do, and is not liable.

But if the prisoner intentionally came into contact with the deceased, or used unreasonable violence, then his act was unlawful and he is liable.

But even though the act was unlawful, if death resulted from some other cause than the wound, you may not convict the prisoner.

The law on this point has been clearly stated in the case of the *State vs. "Schooner" Long*, in which case my brother Grubb delivered the charge. It is very well settled law in all the authorities, that where the bruise or wounds are adequate or calculated

to produce death, it is no excuse to say that had proper care and attention been given, his recovery might have followed. And even if death ensues from a wound given in malice, but not in its nature mortal, but which being neglected or mismanaged the person dies, this would not excuse the person who gave it, but he would be held guilty, unless he could make it clearly and certainly appear that maltreatment of the wound, or the misconduct of the wounded man and not the wound itself was the sole cause of his death. For if the wound had not been given, the person had not died.

Where such a defense is set up and relied upon, the burden is upon the accused to show clearly and satisfactorily that such maltreatment or misconduct of the deceased or his attendants was the sole cause of the death. For if they only increased the danger of the wound or accelerated the death, it would be no excuse.

To acquit on this ground, you must find that the death resulted from such maltreatment or misconduct alone.

If, from the evidence, you believe that the assault on Walls was unlawful and that death resulted from the wound either mediately or immediately, your verdict should be guilty.

If, on the other hand, you believe that the assault was lawful, or that the death did not result from the wound but from maltreatment or misconduct solely; in either case you should acquit him.

The State should prove every element of the crime beyond a reasonable doubt, which is such a doubt as would prevent reasonable men from reaching a conclusion to a moral certainty. Such a doubt should inure to the acquittal of the accused.

On the other hand, where the accused relies upon the defense of maltreatment or misconduct as a cause of death, he must clearly and certainly show that that was the sole cause.

Good character, gentlemen, is always admitted to be proved, and in case of doubt, should incline the scales in favor of the prisoner.

You have heard the evidence, and upon that you must base your verdict.    You stand, under our system of law between the prisoner and the community; and it is your duty to see, under the sanction of your oath, that your verdict shall be conscientiously in accordance with the law and the evidence.

Verdict,  not  guilty.