## STATE vs. SAMUEL JONES.

*Criminal Law—Assault with Intent to Murder—Homicide—Murder of First Degree—Second Degree—Manslaughter; How Proved—Reasonable Doubt.*

1. In a trial for assault with intent to commit murder, it is necessary for the State to satisfy the jury from the evidence in the case, beyond a reasonable doubt, *first*, that the prisoner committed the assault on the prosecuting witness, and, *secondly*, that he committed the assault with intent to murder. The intent is as material and essential to be proven as any other ingredient in the offense.

2. Assault defined.

3. Manslaughter—voluntary and involuntary—defined.

4. Murder, and the different degrees thereof, defined.

5. Malice is not restricted to spite or malevolence towards the deceased in particular, but, in its legal sense, is understood to mean that general malignity and recklessness of the lives and personal safety of others which proceed from a heart void of of a just sense of social duty and fatally bent on mischief. Malice is implied by law from every deliberate cruel act committed by one person against another, no matter how sudden such act may be.

6. The intent to commit murder may be shown by direct evidence of the intent, that is, by the express confession or declaration of the accused; or, if there be no such direct evidence, the intent may be proved by the acts or conduct of the accused, and other circumstances, from which the jury may naturally and reasonably infer the intent charged.

7. Reasonable doubt defined.

(*October 23, 1900.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Peter L. Cooper, Jr.,* Deputy Attorney-General for the State.

*Arley B. Magee* for the defendant.

Court of General Sessions, Kent County, October Term, 1900.

ASSAULT WITH INTENT TO COMMIT MURDER.

GRUBB, J., charging the jury:

Gentlemen of the jury:—The case which you have been empaneled to try is that of the State against Samuel Jones, charged with an assault with intent to murder James Kemp.

It is necessary for the State to satisfy you from all the evidence in the case, beyond a reasonable doubt, first, that Samuel Jones, the prisoner, committed the assault upon James Kemp in this county, and secondly, that he committed said assault with intent to murder him. In order to warrant you in finding that he is guilty in manner and form as he stands indicted, that is, not only of the assault but of the assault with intent to commit murder, as charged in this indictment, it is incumbent upon the State to show that, although the assault may have been committed (if you should find so upon the evidence), still it was also done with the felonious intent to commit murder. The intent to commit murder is as material and essential to be proven in this case before you can find him guilty of the assault with intent to commit murder, as any other ingredient of the offense alleged in the indictment.

An assault is an unlawful attempt by violence, to do injury to the person of another, the person making the attempt having the present ability to commit such injury. It is not necessary in order to find the defendant guilty of an assault, that the attempt was actually executed upon the person. The attempt by the use of a weapon or missile, whether the object is reached or not, is an assault if the attempt is actually made to do the injury.

In addition to the assault, an intent to commit murder is also charged in this indictment, and it therefore becomes necessary for us to define to you what murder, within the meaning of the law, is; and in consequence of the prayer of the defendant that we define the two degrees of murder and also manslaughter, it will be necessary for us to instruct you as to what manslaughter is;

because we say to you that if, under the law of this State, the prisoner's alleged act—had the death of James Kemp been caused thereby—would be manslaughter only, and not murder of either degree, then you can not find him guilty in manner and form as he stands indicted.  For you must be satisfied from the evidence, beyond a reasonable doubt, that the prisoner's alleged act (if Kemp's death had actually been caused thereby) would be murder of the first or second degree, and nothing less, before you can render a verdict of guilty of the intent to commit murder.

To constitute the statutory offense of assault with intent to commit murder, the circumstances must be such as to show that it would have been murder had the assailant accomplished such intent.

Homicide is the killing of any human creature, and is of three kinds: justifiable, excusable and felonious. This case does not involve the question of justifiable homicide, nor of excusable homicide. We will therefore consider only the grades of felonious homicide. There are, in this State, three grades of felonious homicide; murder of the first degree, murder of the second degree and manslaughter.  The difference between murder of the first and second degrees and manslaughter, is that in murder there is the ingredient of malice, whilst in manslaughter there is none.  Manslaughter, when voluntary, arises from the sudden heat of the passions, but murder from the wickedness and malignity of the heart.   Therefore manslaugter is defined to be the unlawful killing of another without malice either express or implied, and without premeditation.   Manslaughter is either voluntary or involuntary.  Voluntary manslaughter is where one kills another in the heat of blood and this usually arises from fighting or from provocation.  Involtary manslaughter is where one, in doing an unlawful act, not felonious nor tending to great bodily harm, or in doing a lawful act without proper caution or requisite skill, undesignedly kills another.  But we say to you that where the killing occurs when the person slain had given great provocation to the slayer, or had

done an injury to him by fighting or beating him, if the slayer who had received the provocation from the other, or who had received the blow from the other, had time for his blood to cool, and for the heat of passion which amounts to a frenzy in which the reason is presumed in law to be unseated for the time being, to subside, and for his reason to regain its sway, then it would not be manslaughter but murder, of either the first or second degree, according to the circumstances. Where a person kills another after having received from that other the provocation sufficient, by blows or otherwise, to produce heat of blood and the sudden unseating of the reason and loss of self-control, and the killing is done during the continuance thereof, the crime is reduced to manslaughter. It is for you to say whether in this case there has been evidence of any such attack by the prosecuting witness, Mr. Kemp, against the prisoner, or whether there was such provocation and heat of blood as to reduce it to manslaughter.

Having defined to you what manslaughter is, we now come to murder. Murder, which is one of the two kinds of felonious homicide—manslaughter being the other—is where a person of sound memory and discretion unlawfully kills any reasonable creature in being, under the peace of the State, with malice aforethought, either express or implied. The chief characteristic of this crime, distinguishing it from manslaughter and every other kind of homicide, and therefore indispensably necessary to be proved, is malice prepense or aforethought. This term, malice, is not restricted to spite or malevolence towards the deceased in particular, but, in its legal sense, is understood to mean that general malignity and recklessness of the lives and personal safety of others which proceed from a heart void of a just sense of social duty and fatally bent on mischief. Malice is implied by law from every deliberate cruel act committed by one person against another, no matter how sudden such act may be. For the law considers that he who does a cruel act voluntarily does it maliciously. And whenever the act, from which death ensues, is committed deliberately, the law pre-

sumes that it was done with malice; and it is incumbent upon the prisoner to show from evidence, or by inference from the circumstances of the case, that the offense is of a mitigated character and does not amount to murder.

Under the statute law of this State there are two degrees of murder; namely, murder of the first and murder of the second degree. The first is where the crime of murder is committed with express malice aforethought, or in perpetrating, or attempting to perpetrate any crime punishable with death; and the second degree is where the crime of murder is committed otherwise, and with malice aforethought implied by law. Express malice is proved by evidence of a deliberately formed design to kill another; and such design may be shown from the circumstances attending the act, such as the deliberate selection and use of a deadly weapon knowing it to be such; a preconcerted hostile meeting mutually agreed on or notified and threatened by the prisoner; privily lying in wait; a previous quarrel or grudge; antecedent menaces; the preparation of poison or other means of doing great bodily harm to the deceased; or any other circumstances evidencing such deliberately formed design to kill another. Implied or constructive malice is an inference or conclusion of law from the facts found by the jury; and among these, the actual intention of the prisoner (in its relation to the proof of malice), becomes an important and material fact; for though he may not have intended to take away life, or to do any personal harm, yet he may have been engaged in the perpetration of some other felonious or unlawful act from which the law raises the presumption of malice. It is the difference between express and implied or constructive malice aforethought which distinguishes murder of the first from murder of second degree, except, however, that under our statute, murder of the first degree may be committed when the malicious killing is done in perpetrating or attempting to perpetrate any crime punishable with death—as rape or arson is in this State—although from such a felonious act malice is merely implied or presumed by law.

Therefore murder of the second degree is held to be proved where it is not satisfactorily shown by the evidence submitted to the jury that the killing was done with a deliberately formed design to take life, or in perpetrating or attempting to perpetrate any crime punishable with death, but is so shown that it was done suddenly, without justification or excuse, and without any provocation, or without provocation sufficient to reduce the homicide to the grade of manslaughter; or was done in perpetrating or attempting to perpetrate a felony (not capitally punishable), or any unlawful act of violence from which the law raises the presumption of malice.

We have explained to you, gentlemen, the difference between murder of the two degrees and manslaughter; and having stated to you what an assault is, and having also stated to you that in addition to the proof of the assault (if they have proven it to you), the prosecution must show an intent to commit murder—that is, to kill with either express or implied malice aforethought—it becomes necessary for us further to state to you how the intent to murder may be shown to your satisfaction.

The intent to commit murder may be shown by direct evidence of the intent—that is, by the express confession or declaration of the accused that he committed the alleged assault with intent to murder; or, if there be no such direct evidence, the intent to commit murder may be proved by the acts or the conduct of the accused, and other circumstances, from which the jury may naturally and reasonably infer the intent charged. For instance, it is a principle of law that every man is presumed to intend the natural and probable consequences of his own deliberate and wilful act. So that from the use of a deadly weapon against another, the jury may infer the intent to commit murder, unless the circumstances in the case satisfy you to the contrary. As to the question of intent to murder as charged in this indictment, it is for you to say from the evidence before you, whether there is such evidence, taken in connection with all the facts in the case, as will warrant you in inferring that the accused assaulted Mr. Kemp, the prosecuting wit-

ness, with intent to murder him. Such intent, as we have said, being provable by and inferable from the deliberate, unlawful use, in a manner, or under circumstances perilous to human life, or directly tending to great bodily harm, of a loaded pistol, sword, axe, heavy bar of iron or other weapon which the law considers a deadly weapon, or of any other instrument or missile reasonably likely to take human life when so used.

So far as we remember the prayers, it only remains for us to say to you, gentlemen, that the State must prove to your satisfaction, beyond a reasonable doubt, the offense charged in this indictment, either the assault with intent to murder, or the simple assault, before you can find a verdict of guilty of either.

A reasonable doubt is not a mere imaginary, whimsical, or even possible doubt, of the guilt of the accused, but is such a real and substantial doubt as intelligent and impartial men may reasonably entertain upon a careful consideration of all the facts proven in the case.

We repeat, if you should be unable to find that the prisoner is guilty of the entire crime charged, that is, of the assault with intent to murder, then you may find him guilty of the assault merely.

With these remarks, we leave the matter in your hands to render such verdict as you deem proper under the law and the evidence in the case.

Verdict, guilty.