# WINTER SESSIONS, 1908.

---·---

### STATE *vs.* FREDERICK UNDERHILL.

*Homicide—Murder of First Degree; of Second Degree—Malice
—Manslaughter—Voluntary and Involuntary
—Reasonable Doubt.*

1. Murder of first degree and of second degree defined.

2. Voluntary manslaughter is where one person unlawfully kills another without malice, as where one in a mutual combat, in the heat of blood, or in a transport of passion, upon sufficient provocation, without malice, inflicts a mortal wound without time for reflection or for the passions to cool. Involuntary manslaughter is where one, in doing an ·unlawful act, not felonious nor tending to great bodily harm; or in doing a lawful act without proper precaution or requisite skill, undesignedly kills another.

(*January* 16, 1908.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Robert H. Richards*, Attorney-General, for the State.

*Levin Irving Handy* and *Wilbur L. Adams* for the defendant.

At a Court of Oyer and Terminer in and for New Castle County, beginning January 15, 1908, the prisoner, a colored man, was tried upon an indictment charging murder of the first degree, for the killing of one Hester Nelson, on November 10th, 1907, in the town of Newark in said county.

The facts appear in the charge of the Court.

PENNEWILL, J. charging the jury:

Gentlemen of the jury:—The prisoner, Frederick Underhill, is charged in this indictment with the murder of Hester Nelson on the tenth day of November last, in the town of Newark in this county.

The uncontradicted testimony shows that the prisoner and Rachael Nelson, the sister of the deceased, had for several years prior to the fatal shooting lived together apparently as husband and wife, and although the sister a short time before the death of Hester obtained a home of her own, the sexual relations between her and the prisoner continued the same as before.   That on the day of the shooting the prisoner went to the house of Charles Davis and obtained a revolver, and very soon thereafter proceeded to the home of the aunt of the deceased where her sister then was, and where the deceased soon came.   That the prisoner first went on the porch, and seeing Rachael at the window, asked her to come out and go home, which she declined to do.   Thereupon he entered the house and, after some words had passed between them, shot her several times; and almost immediately thereafter he turned and shot in the direction of the deceased, which shot entered her breast and killed her almost instantly.

The State claims that the prisoner was angry with the deceased, and had a grudge against her, because she kept a house of ill fame and had enticed or coaxed Rachael there, where she had sexual intercourse with another man; that he shot Hester Nelson deliberately, with express malice aforethought, and therefore the killing of Hester was murder of the first degree.

The prisoner admits that he fired the shot which caused the death of Hester, but claims that he did not intend to kill her or even  knowingly  point the  pistol in her direction, and that therefore he is not guilty of any crime higher than manslaughter,

or at the most, murder of the second degree. In other words, he does not deny that he is guilty of some crime, but insists that he is not guilty of murder of the first degree.

It becomes our duty, therefore, to define for you, as clearly as we may, the different kinds of felonious homicide.

Homicide is the killing of one human being by another. Felonious homicide is of three kinds: Murder of the first degree, murder of the second degree, and manslaughter.

Malice is an essential ingredient of the crime of murder of either degree, for without malice there can be no murder. Malice is a condition of the mind or heart. It is not restricted to spite or malevolence toward the particular person slain, but also includes that general malignity and reckless disregard of human life which proceed from a heart void of a just sense of social duty and fatally bent on mischief. Whenever the fatal act is done deliberately, or without adequate cause, the law presumes that it was done with malice, and the burden is on the prisoner to show that it was not done with malice. So much we say in respect to malice generally.

Murder of the first degree is where the killing was done with express malice aforethought, or in perpetrating, or attempting to perpetrate, a crime punishable with death. Express malice aforethought exists where one person kills another with a sedate, deliberate mind and formed design; which may be manifested by circumstances disclosing the intention or design, such as lying in wait, antecedent menaces or threats, a former grudge, ill will, spite, hatred, or malevolence toward the deceased, preconcerted plans or the previous procurement or preparation of an instrument or means for slaying or doing great bodily harm to the deceased.

The deliberate selection and use of a deadly weapon is a circumstance which, in the absence of satisfactory evidence to the contrary, indicates in the mind of the person committing the act, a deliberate, formed design to kill; and the burden of showing the contrary is on the accused, as the natural and prob-

able consequences of the act are presumed by the law to have been intended by the person using a deadly weapon. In order to convict the prisoner in this case of murder of the first degree the jury must be satisfied from the evidence that he had a sedate, deliberate mind and formed design or intention to kill the deceased. But the length of time that such design or intention existed is immaterial. The most sudden and instantaneous acts may be accompanied with circumstances which show that it was the result of a deliberate purpose. The lapse of time need not enter into your consideration, as a necessary element of deliberation, for if the design or intention to take life be but the conception of a moment, it is sufficient. If the slayer had time for thought, and thinking but for a moment, did intend to kill the deceased, it is just the same in legal contemplation as if he had intended it for a length of time, and killing under such circumstances is held to be deliberate and premeditated, and murder of the first degree.

Murder of the second degree is where the killing was done with implied malice. Implied malice is an inference or conclusion of law from the facts proved. If there was no deliberate mind or formed design to take life, or to perpetrate a crime punishable with death, but the killing was done without justification or excuse, and without provocation, or without sufficient provocation to reduce the offence to manslaughter, it would be murder of the second degree. Implied malice being an inference or conclusion of law from the facts proved, it is implied by law from every unlawful, deliberate and cruel act committed by one person against another, however sudden the act may be, for the law considers that one who commits a cruel and unlawful act of violence voluntarily, does it maliciously.

But although where the fact of killing is shown, unaccompanied by circumstances of legal justification, excuse or extenuation, the law presumes that the homicide was committed with malice, until the contrary appears from the evidence, yet it goes no further than to imply malice, and therefore the legal pre-

sumption goes no further in such a case than that the killing is murder of the second degree.

Manslaughter is where one person unlawfully kills another without malice, as where one in a mutual combat, in the heat of blood, or in a transport of passion, upon sufficient provocation, without malice, inflicts a mortal wound without time for reflection or for the passions to cool. In order to reduce a felonious homicide to manslaughter, the provocation must be very great, so great indeed as to produce such a transport of passion as renders the person for the time being deaf to the voice of reason. While murder proceeds from a wicked and depraved spirit and is characterized by malice, manslaughter results from no malignity, but from unpremeditated and unreflecting passion.

Mere words, however offensive, vexatious or opprobrious, are never sufficient to reduce a felonious homicide to manslaughter.

We have been speaking thus far of that kind of manslaughter which the law terms voluntary, and which usually arises from mutual combat or sufficient provocation. But there is another kind of manslaughter which is termed involuntary, and this is where one, in doing an unlawful act, not felonious nor tending to great bodily harm, or in doing a lawful act without proper precaution or requisite skill, undesignedly kills another.

As we have before stated, the prisoner admits that he is guilty of committing an unlawful act, and does not ask or expect you to return a verdict of not guilty. It is your duty, therefore, to determine the grade of the offence of which he is guilty, in accordance with the instructions we have given you. In the discharge of that duty you should not be influenced by any consideration of the punishment which may follow a conviction. It is for you to determine, and declare, of what offence the prisoner is guilty under this indictment, and there your duty ends.

We may say, gentlemen, that you are the exclusive judges of the facts and of the credit due to the witnesses in the case, and subject only to the law as explained to you by the Court

it is for you to determine according to the evidence of what crime the prisoner is guilty, beyond a reasonable doubt. And we will say that while you must be satisfied of the prisoner's guilt beyond a reasonable doubt in order to convict him, the law does not mean by reasonable doubt a vague, speculative or mere possible doubt; but a reasonable, substantial doubt remaining in the minds of the jury after a careful consideration of all the evidence, and such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances of the case.

If you believe there is any evidence to warrant you in finding that the prisoner in the heat of blood or with sufficient provocation, and without malice, shot the deceased, and at the time had no intention of taking her life; or that the prisoner was at the time engaged in doing an unlawful act not felonious nor tending to great bodily harm; or that he was engaged in doing a lawful act without proper precaution, you may consider whether he is guilty of manslaughter; but if you do not so believe, you should direct your attention to the question whether he is guilty of murder of the first degree or murder of the second degree.

If you are not satisfied that at the time the prisoner shot Hester Nelson he had a deliberate mind and formed design to take her life, but are satisfied that the death of Hester Nelson resulted from an unlawful act of violence on the part of the accused, and that there was no adequate or sufficient provocation therefor, it was murder with implied malice, and your verdict should be not guilty in manner and form as he stands indicted, but guilty of murder of the second degree.

But, if you believe that at the time the prisoner shot Hester Nelson he had, even for a moment, a deliberate mind and formed design to take her life, it was murder with express malice, and your verdict should be guilty in manner and form as he stands indicted, that is, of murder of the first degree.

Verdict, guilty of murder in the second degree.