## STATE *vs.* WILLIAM HILL.

1. HOMICIDE—ASSAULT WITH INTENT TO MURDER—"ASSAULT".

An "assault", as included within the offense of assault with intent to murder, is an attempt by force and violence to do injury to another's person.

2. HOMICIDE—ASSAULT WITH INTENT TO MURDER—ELEMENTS OF OFFENSE.

To convict for assault with intent to murder, the state must prove

beyond a reasonable doubt both that accused committed an assault and that it was with an intent to murder the person alleged.

3. HOMICIDE—ACCIDENTAL KILLING.

If accused unintentionally and accidentally discharged a gun, killing another, he would not be guilty of either assault or assault with intent to murder.

4. HOMICIDE—ASSAULT WITH INTENT TO MURDER.

If accused discharged a gun with intent to murder some one else than the person actually killed, or without any specific intent to murder any one, but intentionally and with reckless disregard of human life, he would be guilty of assault with intent to commit murder, since every one is presumed to intend the probable consequences of his act.

5. HOMICIDE—ASSAULT WITH INTENT TO MURDER—INTENT.

Where, in a prosecution for assault with intent to murder S., there was no evidence showing that accused intended to murder S., the jury could not find such felonious intent.

6. CRIMINAL LAW—REASONABLE DOUBT.

The jury must acquit, if under all of the evidence they have a reasonable doubt of accused's guilt.

*(November* 10, 1911.)

PENNEWILL, C. J., and RICE, J., sitting.

*Josiah O. Wolcott,* Deputy Attorney General, for the state.
*William G. Jones, Jr.,* for the defendant.

Court of General Sessions, New Castle County, November Term, 1911.

INDICTMENT FOR ASSAULT WITH INTENT TO COMMIT MURDER (No. 27, November Term, 1911).

At the trial it was proved on the part of the state that on Sunday, October 15, A. D. 1911, in Blackbird Hundred, New Castle County, the defendant after having a dispute with one W. over a crap game in which they were engaged, went to his own house a short distance away; that W. shortly after also went to defendant's house, and as he opened the door saw the defendant standing in the corner with his shot gun aimed at the door and pointing directly at W.; that W. advanced toward him and pushed the gun aside; that the defendant pulled the trigger and the gun was discharged, shooting and wounding one John Spencer, who was sitting in the room, but who had had no altercation or trouble with the defendant.

The prisoner in his defense claimed that he picked his gun

---

Charge.

---

up from the corner of the room to put it away, when a woman named Mary Waters, grabbed his arm and the gun was accidentally discharged.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—William Hill, the prisoner, is charged in this indictment with having committed, on the fifteenth day of October last in this county, an assault upon one John Spencer, with the intent him the said Spencer to murder.

[1] The charge embraces not only an assault, which is an attempt by force and violence to do an injury to the person of another, but embraces also an intent to commit murder.

[2] In order to convict the prisoner in manner and form as he stands indicted, it is incumbent on the state to satisfy you beyond a reasonable doubt that an assault was committed by the prisoner, and that it was committed with an intent to murder Spencer.

This case differs from the ordinary case of an assault with intent to commit murder in this: That the person whom the indictment charges that the prisoner assaulted and intended to murder was not the person who was actually assaulted and whom the prisoner really intended to murder. That is to say, the state contends that the prisoner assaulted William H. Waters, and in the effort to consummate such attempt shot one Spencer, an entirely innocent person who had taken no part in the quarrel, or in the crap game in which the prisoner and Waters had been engaged.

This court in the case of *State v. Sloanaker, Houst. Cr. Cas.* 62, in charging the jury, used the following language:

"That if they were satisfied that the pistol was fired by the prisoner unintentionally and by accident merely, however imprudent, or improper it may have been for him to be handling or examining it loaded in such a place and at such a time, he ought not to be convicted of either the misdemeanor, or the felonious intention alleged in the indictment. But if, on the contrary, they were satisfied by the proof that he discharged it intentionally and wantonly or recklessly into the crowd of persons assem-

bled about the place at the time, or in the direction of the carriage of the prosecuting witness, indifferent as to whom he might shoot, or what the mischief or injury might be, or where or on whom it might fall, such conduct would manifest such a wicked and depraved inclination and disposition on his part, and it might well be presumed by them that he intended at the time to shoot some one, upon the principle that every one is presumed to intend the probable consequence of his own act; and if that was so in the opinion and belief of the jury, the prisoner was guilty, at least of the assault alleged in the indictment.  But the felonious intention alleged in it to kill the prosecuting witness, Mr. Brown, was not a matter to be made out by inference, or presumption merely, but must be proved like any other fact material in the case, in order to convict him of the felony, or felonious intention alleged in it, and the point had been several times so ruled and decided in this court.  It was competent under the statute, however, for the jury to convict him upon the indictment of the misdemeanor, or assault merely.  But as to the felony, or intent to kill the prosecuting witness, it would have been a very different case both in law and fact, if he had died of the wound within a year.''

[3]  And such being the law of this state we say to you that if you believe from the testimony that the prisoner unintentionally, and by accident merely, discharged the gun he ought not to be convicted of either the misdemeanor, which is the assault, or of the felonious intent to murder.

[4, 5]  But if you believe that the prisoner discharged the gun with the intent to murder some one other than Spencer, or discharged it without any specific intent to murder any one, but nevertheless intentionally and wantonly or with a reckless disregard of human life, such conduct would manifest a wicked and depraved inclination and disposition on his part from which it might well be presumed that he intended at the time to shoot some one, upon the principle that every one is presumed to intend the probable consequence of his own act.  And, in such case the prisoner would be guilty of the assault alleged in the indictment. But as there is no testimony showing that the prisoner intended

to murder Spencer, we instruct you that you cannot find the prisoner guilty of the felonious intent; that is, of the intent to murder Spencer.

It is not necessary, therefore, to charge you with respect to the crime of murder, or with respect to the essential ingredient of such crime, to wit, malice, because under the evidence in this case you cannot find the prisoner guilty of anything more than an assault.

It will be for you to determine from the evidence whether the prisoner is guilty or not guilty of an assault, bearing in mind the law as we have stated it.

[6] We may say, in conclusion, that if after carefully considering all the evidence in the case you entertain a reasonable doubt of the prisoner's guilt, your verdict should be not guilty.

*Verdict, guilty of assault only.*