STATE *vs.* JAMES F. LONG.

1.   WITNESSES—STATEMENTS AT CORONER'S INQUEST ADMISSIBLE FOR
IMPEACHMENT.

In a prosecution for manslaughter, testimony given by defendant at
the coroner's inquest under oath, after being warned that any evidence might
be used against him is admissible for the purpose of contradiction; *Rev. Code*

1915, § 1350, making such evidence admissible in case of death of witness, not applying.

2. HOMICIDE—ABSENCE OF MALICE DISTINGUISHING "MANSLAUGHTER" FROM MURDER.

"Manslaughter," a species of homicide, is the unlawful killing of another without malice, express or implied, and is either voluntary or involuntary: the distinction between manslaughter and murder being the absence of malice in the offense of manslaughter.

3. HOMICIDE—VOLUNTARY AND INVOLUNTARY MANSLAUGHTER DEFINED.

"Voluntary manslaughter" occurs where one person kills another in the heat of passion, while "involuntary manslaughter" occurs where a person, in committing an unlawful act not felonious or tending to great bodily harm, or in committing a lawful act without proper caution or requisite skill, unguardedly or undesignedly kills another.

4. HOMICIDE—DRIVER OF AUTOMOBILE AT EXCESSIVE SPEED, CAUSING DEATH OF PEDESTRIAN, GUILTY OF MANSLAUGHTER.

Any one who, while driving his automobile at a higher rate of speed than the law allows, kills another, is prima facie guilty of negligence, and such act will make the driver criminally liable, and guilty of manslaughter if the unlawful speed was the cause of death.

5. HOMICIDE—NEGLIGENT OPERATION OF AUTOMOBILE, CAUSING DEATH, MANSLAUGHTER.

Though the driver of a motorcar was not running at a higher rate of speed than the law allows, yet he is guilty of manslaughter where he causes the death of another by gross negligence on his part.

6. HIGHWAYS—DUTY OF DRIVER IN OPERATION OF MOTOR VEHICLES.

Under Rev. Code 1915, § 4827, it is the duty of a driver of an automobile upon a public highway to run, not only at a rate of speed permissible under the law, but at such speed as an ordinarily prudent and careful man would use under the circumstances, having regard to the danger of the situation and the probability of injuring others.

7. CRIMINAL LAW—CREDIBILITY OF WITNESSES QUESTION FOR JURY.

A requested instruction that the testimony of an actor—that is, the driver—is ordinarily presumed to be more trustworthy than that of a mere observer will be refused, as the jury must be the judges of the reliability of the witnesses and the value and weight of their testimony, having regard to the witnesses' opportunities for seeing, knowing, and remembering the thing about which they testify.

8. CRIMINAL LAW—WEIGHT OF EVIDENCE OF GOOD CHARACTER A QUESTION FOR THE JURY.

In a criminal prosecution, evidence of good character of the accused is to be taken in connection with all the other evidence and given such weight as the jury may think it entitled to.

9. CRIMINAL LAW—PRESUMPTION OF INNOCENCE PREVAILS, UNLESS GUILT IS PROVED BEYOND "REASONABLE DOUBT."

In a prosecution for manslaughter, as in every criminal case, the defendant is presumed innocent until his guilt is proved to the satisfaction of

the jury beyond a "reasonable doubt," which means, not a speculative or possible doubt, but a reasonable and substantial one, and in order to convict the state must prove beyond a reasonable doubt every material ingredient of the crime.

(<em>October</em> 6, 1919.)

PENNEWILL, C. J., and CONRAD and HEISEL, J. J., sitting.

*P. Warren Green*, Deputy Attorney-General, and *Frank L. Speakman*, Deputy Attorney-General, for the State.

*Philip L. Garrett* and *John F. Lynn* for defendant.

Court of Oyer and Terminer for New Castle County, September Term, 1919.

INDICTMENT No. 145; September Term, 1919.

James F. Long was indicted for manslaughter. Verdict, not guilty.

The material facts appear in the charge of the court.

[1]   Long, the accused, was asked the following question in cross-examination:

"I will ask you whether you did not state at the coroner's inquest, under oath, after first being warned that any evidence you might give would be used against you, in substance as follows: 'Before I got to the top of the hill I was making about twenty or twenty-five miles per hour.' "

Objection was made to the use of any evidence at the coroner's inquest for the purpose of contradiction, or for any other purpose. *Rev. Code* 1915, § 1350.

PENNEWILL, C. J.:—The court are clearly of the opinion that that statute does not apply to the question now before the court, and we overrule the objection.

PRAYERS FOR THE STATE.

The court is requested to define manslaughter and its two classes. *State v. Morahan*, 7 *Pennewill* 494, 77 *Atl.* 488; *State v. Woods*, 7 *Pennewill* 499, 77 *Atl.* 490; *State v. Becker*, 9 *Houst.* 411 (416), 33 *Atl.* 178; *State v. Lodge*, 9 *Houst.* 542 (549), 33 *Atl.* 312; *State v. Miller*, 9 *Houst.* 564 (569), 32 *Atl.* 137; *State v. Draper*, 1 *Houst. Cr. Cas.* 531 (536); *State v. Brown*, 1 *Houst. Cr. Cas.*

539 (553); *State v. Dugan*, 1 *Houst. Cr. Cas.* 563 (573); *State v. Trusty*, 1 *Pennewill* 319 (324), 40 *Atl.* 766; *State v. Underhill*, 6 *Pennewill* 491 (495), 69 *Atl.* 880; *State v. Jones* 2 *Pennewill* 573 (575), 47 *Atl.* 1006; *State v. Blackburn*, 7 *Pennewill* 479 (482), 75 *Atl.* 536.

Also to define homicide by misadventure. *State v. Miller*, 9 *Houst.* 564 (568), 32 *Atl.* 137; *State v. Lodge*, 9 *Houst.* 542, 33 *Atl.* 312; *State v. Blackburn*, 7 *Pennewill* 479 (481), 75 *Atl.* 536; *State v. Dugan*, 1 *Houst. Cr. Cas.* 563; *State v. Becker*, 9 *Houst.* 411 (416), 33 *Atl.* 178; *State v. Brown*, 2 *Marv.* 380 (399), 36 *Atl.* 458.

That the attention of the jury be directed to the statute in relation to the legal rate of speed for motor vehicles (28 *Del. Laws*, 43), and particularly to the following provision:

"But this rate of speed shall be reduced to one mile in five minutes at all curves, *intersecting roads*, in descending steep hills, and in passing other vehicles: Provided that nothing in this section shall permit any person to drive a motor vehicle at a greater rate of speed than is reasonable, having regard to the traffic, or so as to endanger the safety of any person or injure the property of any person."

That the jury be instructed that one who drives an automobile with great negligence, so the passenger is thrown out, and the resulting shock results in death, is guilty of manslaughter. *State v. Block*, 87 *Conn.* 573, 89 *Atl.* 167, 49 *L. R. A.* (*N. S.*) 913.

### PRAYERS FOR THE DEFENDANT

That the jury be instructed that the violation of the statute relative to driving an automobile does not in itself constitute such an unlawful act as would render a person causing an undesigned death while so doing guilty per se. A violation of such a statute involves no moral turpitude, and therefore is merely malum prohibitum, and not malum in se. *Commonwealth vs Adams*, 114 *Mass.* 323, 19 *Am. Rep.* 362; *Estell v. State*, 51 *N. J. Law* 182, 17 *Atl.* 118; *State v. Goetz*, 83 *Conn.* 437, 76 *Atl.* 1000, 30 *L. R. A.* (*N. S.*) 458; *State v. Horton*, 139 *N. C.* 588, 51 *S. E.* 945, 1 *L. R. A.* (*N. S.*) 991, 111 *Am. St. Rep.* 818, 4 *Ann. Cas.* 797; *People v. Barnes*, 182 *Mich.* 179, 148 *N. W.* 400.

Prayers.

---

Even though the court should hold that the prosecution may be based upon the theory that the defendant, at the time of the accident, was violating a statute of the state of Delaware limiting the speed of automobiles, it is incumbent upon the state to prove beyond a reasonable doubt that the *cause* of the accident was the excessive speed of the car, and that the defendant thereby caused the death of the deceased. Cases above cited.

If the jury believe from the testimony that the defendant unintentionally, not realizing that he was doing so, exceeded the limit of speed prescribed by the statute, he ought not to be convicted of either a felony or a misdemeanor.   *State v. Hill*, 2 *Boyce* 540, 82 *Atl.* 221; *People v. Barnes*, 182 *Mich.* 179, 148 *N. W.* 400.

That it is incumbent upon the state to satisfy the jury that the accident was *caused by the excessive speed* of the car, and would not have happened, in the circumstances disclosed by the testimony, if the car had been operated at a speed that was not excessive or reckless. *People v. Barnes*, 182 *Mich.* 179, 148 *N. W.* 400; *Queen v. Pocock*, 5 *Cox*, *C. C.* 172, where Lord Mansfield said that—

"Not only must the failure to comply with the speed regulations be shown, and knowledge likewise of such failure by the owner, but the death must be the immediate result of that failure."

Criminal negligence means such a degree of negligence as amounts to a flagrant and reckless disregard of one's own safety and a willful indifference to the person or life of others. To be criminal, the negligence must be gross. *State v. Goetz*, 83 *Conn.* 437, 76 *Atl.* 1000, 30 *L. R. A.* (*N. S.*) 458; *People v. Barnes*, 182 *Mich.* 179, 148 *N. W.* 400.

A person's own memory of what he did or did not do is ordinarily presumed to be more trustworthy than that of a mere observer. *Moore on Facts* § 705, and cases cited.

The actor usually knows better than the observer what he did or did not do, and his testimony is generally entitled to greater weight. *Moore on Facts* §§ 397, 705, and 783. and cases cited; *The Rhode Island*, 20 *Fed. Cas.* 651, *column* 2 (*No.* 11,743); *Huntress v. Railroad Co.*, 66 *N. H.* 185, 34 *Atl.* 154, 49 *Am. St. Rep.* 600.

If the jury believe from the testimony that the automobile which the defendant was operating was, at or immediately before the moment of the accident, struck from behind by another automobile, and that such previous collision brought on the collision mentioned in the indictment, they should find that the collision mentioned in the indictment was a mere misadventure, so far as the defendant is concerned, and their verdict should be not guilty.

That the court instruct the jury in respect to character evidence.    *Daniels v. State*, 2 *Pennewill* 586 (598), 48 *Atl*. 196, 54 *L. R. A.* 286; *State v. Thomas*, 2 *Boyce* 24, 78 *Atl*. 640.

It is incumbent upon the state to prove, beyond a reasonable doubt, either a specific evil intent on the part of the defendant, or else such facts and circumstances as will warrant the jury in finding the existence of an evil intent at the time of the accident.

That the jury may find the defendant guilty of an assault only.

PENNEWILL, C. J., charging the jury;—

The defendant is charged in this case with the crime of manslaughter. It is alleged in the indictment that on the twenty-seventh day of August of the present year, on the Kennett Pike in Christiana hundred, in this county, he ran his automobile at a greater rate of speed than that allowed by the statute, and while so doing ran into and collided with a certain other automobile driven by one Shannon, and by reason thereof feloniously and willfully made an assault upon one Margaret Dyer, who was riding in the car driven by the defendant, whereby she was thrown upon the ground and received injuries which resulted in her death.

The defendant denies that he was driving his automobile at the time of the collision at a rate of speed in excess of that permitted by the statute, or at a rate of speed, or in a manner, that was dangerous to others upon the highway, and therefore claims that he was not guilty of any negligence that caused the death of the child, Margaret Dyer. The defendant contends that the death of the child resulted from his car being struck from behind

by another car, and that, therefore, it was by misadventure, and not from any criminal act of negligence.

In the collision of the two cars, Margaret Dyer and all the other occupants of defendant's car were thrown out, except himself, and a young child was thrown from Shannon's car.

The indictment being for manslaughter, it is necessary for us to define as clearly as we can what constitutes that crime.

[2]   Manslaughter is termed homicide and is so called because it is the killing of a human being; but it is not malicious homicide, and is, therefore, unlike murder, which contains malice. It is the unlawful killing of another, without malice, express or implied, and is either voluntary or involuntary.

[3]   Voluntary manslaughter is where one kills another in the heat of blood, and usually occurs in fighting or under great provocation.   This may be termed the common kind of manslaughter and is probably somewhat familiar to you.

Involuntary manslaughter, which is less common and perhaps less familiar, is where a person in committing an unlawful act, not felonious or tending to great bodily harm, or in committing a lawful act without proper caution or requisite skill, unguardedly or undesignedly kills another.   Manslaughter may arise, as you see, from an unlawful act, or from a lawful act done without proper caution or skill.

So you can understand what the state means by the charge that the defendant is guilty of involuntary manslaughter because he killed Margaret Dyer in committing the unlawful act of running his car at a greater speed than the law allows, or in the performance of the lawful act of running his car within the speed limit, but without proper caution and care, and in disregard of the safety of others.

Homicide by misadventure is the accidental killing of another where the slayer is doing a lawful act unaccompanied by any criminally careless or reckless conduct.

[4, 5]   It is unlawful in this state to run an automobile upon any public street or highway, where the buildings are of greater distance apart than one hundred feet, at a greater rate of speed than twenty-five miles an hour, or, as stated in the indictment

and the statute, at a greater rate of speed than a mile in two minutes and twenty-four seconds.

Such being the law, we say to you that any one who, while driving his automobile at a higher rate of speed than the law allows, kills another by striking him with (or throwing him from) his car, is prima facie guilty of negligence; and such act will make the driver criminally liable and guilty of manslaughter, if it is clearly shown by the evidence that such unlawful speed was the cause of the death. But even though the jury should not be satisfied that the driver was running his car at a higher rate of speed than the law allows, he would. nevertheless, be guilty of manslaughter if the death was caused by gross negligence on his part, that is, by a wanton, careless and reckless disregard of the rights and safety of others.

And we may. say that the law we have stated for your guidance applies, whether the person killed is thrown from another car that was struck or from the car driven by the defendant.

And we further instruct you that if the death resulted from the unlawful rate of speed, or from the careless and reckless driving of the car, the fact that the killing was unintentional on the defendant's part does not excuse him. It makes no difference how unintentional it may have been, if the death was caused by the defendant's criminal and gross negligence. As we have already told you, involuntary manslaughter exists when a person, in committing an unlawful act, or in committing a lawful act without proper caution or skill, indesignedly kills another. That is the definition of manslaughter.

[6] It is the duty of the driver of an automobile on the public highway to run not only at a rate of speed permissible under the law, but at such speed as an ordinarily prudent and careful man would use under the circumstances, having regard at all times to the danger of the situation and the probability of injuring others. The statute governing the speed of automobiles provides that nothing therein contained—

"shall permit any person to drive a motor vehicle at a greater speed than is reasonable, having regard to the traffic, or so as to endanger the safety of any person or injure the property of any person." 28 *Del. Laws*, 43; *Rev. Code*, § 4827.

[7]  The defendant has asked the court to charge you that a person's own memory of what he did or did not do, is ordinarily presumed to be more trustworthy than that of a mere observer; that the actor(meaning the driver of an automobile) usually knows better than the observer what he did or did not do, and his testimony is generally entitled to greater weight on that account.  We decline to so charge, but say to you that the jury must be the judges of the reliability of the witnesses and of the value and weight of their testimony, having regard, among other things, to their opportunities for seeing, knowing and remembering the things about which they testified.

[8]  Evidence of good character of the accused is to be taken in connection with all the other evidence and given such weight, under all the facts and circumstances, as the jury think it is entitled to.

Now, gentlemen, summarizing and simplifying, as much as we can, the law already stated, we say:  If you believe from the testimony that at the time of the collision of the two automobiles the defendant was driving his car in violation of the statute that governs the speed of automobiles, and that such act was the cause of the death of Margaret Dyer, your verdict should be guilty.  And even if you do not believe that the defendant, at the time of the collision, was running his car in violation of said speed statute, but are satisfied that the child's death was caused by gross negligence on the part of the defendant, your verdict should be guilty.  If you are not satisfied that the defendant is guilty of manslaughter, but believe that he is, under the evidence, guilty of an assault, you may find him guilty of assault only.

[9]  And we further instruct you that in this, as in every criminal case, the defendant is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt.  In order to convict the prisoner it is incumbent upon the state to prove beyond a reasonable doubt every material ingredient of the crime charged.  If, therefore, after carefully considering all the evidence in the case, you should entertain a reasonable doubt of his guilt, your verdict should be not guilty.  But such a doubt must not be merely a vague, speculative or possible

doubt, but a reasonable, substantial doubt remaining in your minds after a careful consideration of all the evidence.

It is hardly necessary to say to men of your intelligence and fairness that this is an important case, both to the defendant and the people, and that the jury should be influenced in reaching their verdict by the law and the evidence, and by nothing else. If you are satisfied from the evidence, beyond a reasonable doubt, of the guilt of the accused, you should not hesitate for any reason to find him guilty, but if you are not so satisfied of his guilt, it is just as important that you should render a verdict of not guilty.

                                        Verdict, not guilty.