STATE *vs.* BENJAMIN HARRIS.

(*July* 5, 1923.)

RICE, HARRINGTON and RICHARDS, J. J., sitting.

*Robert G. Houston*, Deputy Attorney-General, for the State.
*Charles W. Cullen* for defendant.

Court of Oyer and Terminer for Sussex County, June Term, 1923.

No. 19, April Term, 1923.

RICHARDS, J., in charging the jury, refused defendant's request and stated that it was for them to determine whether the defendant was innocent or guilty, and, if guilty, whether he had committed murder in the first or second degree.  *State v. Boice, Houst. Cr. Cas.* 355.  He, also, defined murder of both degrees.

In connection with murder of the second degree, he instructed the jury that implied or constructive malice was an inference or conclusion of law from the facts found by the jury;  and among these, the actual intention of the prisoner at the time of the commission of the fatal act became an important and essential fact, for though he may not have intended to do any great personal harm to the deceased, yet, if he was then engaged in the perpetration of some other felonious or unlawful act from which the law would imply malice, such as an attempt to rob him, he was guilty of murder in the second degree.  *State v. Boice, Houst. Cr. Cas.* 355,

359, 360; *State v. Rhodes, Houst. Cr. Cas.* 476, 498; *State v. Thomas, Houst. Cr. Cas.* 511, 524; *State v. Brown, Houst. Cr. Cas.* 539, 551; *State v. Dugan, Houst. Cr. Cas.* 563, 575; *State v. Jones,* 2 *Penn.* 573, 47 *A.* 1006; *State v. Brinte & Jiner,* 4 *Penn.* 551, 562, 58 *A.* 258; *Greenleaf on Evidence, vol. 3,* §§ 128, 145.

Note. For cases of mere unlawful or reckless acts, not felonious, resulting in death, and held to constitute manslaughter, see *State v. Brown,* I *Houst. C. C.* 539, 555, and other cases cited in the above opinion. *State v. Goodley,* 9 *Houst.* 484; *State v. Reese,* 2 *Boyce* 437, and *State v. Naylor,* 5 *Boyce* 99, were also manslaughter cases, but they all involved the statue making a person guilty of manslaughter if death resulted from the intentional pointing of a gun. See, also, *State v. McIvor,* 1 *W. W. Harr.* (31 *Del.*) 123; *State v. Long,* 7 *Boyce* 397; *State v. Dean,* 2 *W. W. Harr.* (32 *Del.*) 290; *State v. Disalvo,* 2 *W. W. Harr.* (32 *Del.*) 232, all of which were cases of death resulting from reckless or unlawful acts in the driving of automobiles.