STATE *vs.* ROBERT W. BAILEY.

*Criminal Law—Larceny—Taking a Bag of Corn Which Another Person Had Removed from the Crib—Evidence Sufficient to Go to the Jury.*

The defendant was indicted for the larceny of a bag of corn. The prosecuting witness testified that he thought the corn was his but could not swear to it. The wife of the prisoner testified that she had gone to the house of the prosecuting witness with her husband, who said to her that he wanted her to go up and engage the prosecuting witness in conversation while he went down to the pig pen and got the bag of corn which the colored boy had put out for him. *Held* that there was sufficient evidence of the prisoner's guilt to be submitted to the jury.

(*October* 9, 1907.)

LORE, C. J., and GRUBB and BOYCE, J. J., sitting.

*Daniel O. Hastings* and *Charles S. Richards*, Deputies Attorney-General, for the State.

*Andrew J. Lynch* for the defendant.

Court of General Sessions, Sussex County, October Term, 1907.

INDICTMENT FOR LARCENY.

The defendant was indicted and placed on trial at this term for the larceny of a bag of corn, laid in the indictment as the property of John S. Purnell. Said Purnell testified that he thought it was his corn, although he would not swear to it. The wife of the prisoner testified that she had gone to Purnell's house with her husband, who said to her that he wanted her to go up and engage Purnell in conversation while he (Bailey) went down to the pig pen and got the bag of corn which the colored boy had put out for him. The above testimony, together with Purnell's statement that he had missed corn from his crib about this time, was the State's case.

When the State rested, Lynch, for defendant, moved that the jury be instructed by the Court to return a verdict of not guilty, on the ground that the State had failed to connect the prisoner with the larceny of the said bag of corn.

*Charles S. Richards*, for the State, contended in reply that the prisoner's admission as testified to by his wife, directly connected him with the larceny as an accomplice or procurer, and that under the law he was just as guilty as though he had actually taken the corn himself from the crib.

BOYCE, J.:—We decline to instruct the jury to find a verdict of not guilty.

The defendant was called in his own behalf and made a general denial of the charge against him.

(BOYCE, J., delivered the usual charge to the jury in larceny cases.)

Verdict, not guilty.