## STATE *vs.* JOHN H. RASH.

**1. WITNESSES—COMPETENCY—COMMUNICATION BY WITNESS TO PROSECUTING ATTORNEY.**

Where statements have been made by a witness to a prosecuting attorney, bearing on the guilt of a person under investigation for bribery, and where, on the trial of such person for bribery, the witness denied making such statements and has been indicted for perjury on such denial, the statements to the prosecuting attorney are not privileged, and may be admitted in evidence against the witness under an indictment for perjury.

**2. CRIMINAL LAW—EVIDENCE—EVIDENCE AT FORMER TRIAL—MODE OF PROOF.**

Where the testimony at an investigation before a prosecuting attorney was taken down and correctly transcribed and produced in court at a subsequent trial by the public stenographer, by whom it was taken and who is a witness at the trial, he may be permitted to read from the transcript when asked what the witness had testified.

**3. CRIMINAL LAW—EVIDENCE—BEST EVIDENCE—READING FROM TRANSCRIPT.**

Where the testimony given at a previous trial had been taken down in shorthand by the official court stenographer, by whom it is produced when he is called as a witness for the state in a subsequent trial, and he has testified that the transcript is a true and correct copy of the testimony given, he may be permitted to read therefrom.

**4. CRIMINAL LAW—STATUTES—CONSTRUCTION WITH REFERENCE TO COMMON LAW.**

Where a statute makes perjury a felony, without defining what constitutes perjury, it must be defined as it was known at common law.

**5. PERJURY—NATURE AND ELEMENTS OF OFFENSE.**

The offense of perjury is committed when a lawful oath is administered in some judicial proceeding or in due course of justice to a person who swears willfully, absolutely, and falsely in a matter material to the issue or point in question.

**6. PERJURY—JOINDER OF COUNTS—SAME OFFENSE.**

Where an indictment for perjury contains several counts for the same offense, proof of defendant's guilt under any one of the counts is sufficient to warrant a verdict of guilty.

**7. PERJURY—MATERIALITY—MATTER AFFECTING CREDIBILITY OF WITNESSES.**

In a prosecution for perjury, the state offered evidence that the defendant stated under oath to a Deputy Attorney General, who was investigating a charge of election bribery, that a person named had attempted to influence defendant's vote by the use of money, and upon this testimony, an indictment was filed against the person named, charging him with having offered defendant money for his vote, and defendant, when sworn as a witness in that case, denied having made the alleged statements before the Deputy Attorney General. *Held* that, if the defendant made such absolute and false denial of having made the alleged statements to the Deputy Attorney General, then the denial was material to the trial of the bribery case, in that it affected his credibility as a witness.

8. PERJURY—TRIAL—WILLFULNESS.

In the trial of an indictment for perjury, the jury, in determining whether the alleged false statements of the defendant were made by him willfully, absolutely, and corruptly, may consider all of the statements made by the defendant, testifying in the trial in which the alleged false statements were made.

9. CRIMINAL LAW—PERJURY—EVIDENCE—PRESUMPTIONS AND BURDEN OF PROOF.

The law presumes that every one accused of crime is innocent until proven guilty beyond a reasonable doubt.

10. CRIMINAL LAW—"REASONABLE DOUBT."

A "reasonable doubt" means, not a vague, fanciful, or indefinable doubt, but such doubt as reasoning men would have under all the circumstances of the case.

11. CRIMINAL LAW—EVIDENCE—BURDEN OF PROOF—EXTENT.

The burden of proving the guilt of an accused person beyond a reasonable doubt rests on the state as to every essential ingredient of the crime.

(*October* 14, 1910.)

Judges WOOLLEY and HASTINGS sitting.

*Frank M. Jones* and *W. Watson Harrington*, Deputies Attorney General, for the state.

*Walter H. Hayes* for the defendant.

Court of General Sessions, Sussex County, October Term, 1910.

INDICTMENT FOR PERJURY. The state offered evidence tending to prove that the defendant on the eleventh day of November, A D. 1908, at Laurel, made statements under oath to the then Deputy Attorney General, charging one Howard Whaley, with attempting by the use of money, at Laurel, on the third day of November, 1908, to influence the vote of the said defendant at the general election then and there held.

The state called Charles Sudler Richards, the then Deputy Attorney General.

· Mr. Richards was asked, "What did John H. Rash say to you on that occasion about Howard Whaley having offered him money for his vote at the general lection, A. D. 1908?"

This was objected to by Mr. Hayes, counsel for defendant, on the ground that any statement made by Rash to the then Deputy Attorney General, who at the time was investigating a charge of

                            Evidence.

bribery against the said Howard Whaley,was an absolutely privileg-
ed communication, and cited *State vs. Brown, et al, 2 Mar*. 386.

The objection was overruled and the defendant excepted,
asking that his objection and exception be extended also to similar
testimony offered in the case by anyone present at the hearing in
Laurel, which was granted.

The state also offered further testimony to the effect that at
the October Term, 1909, of the Court of General Sessions, for Sus-
sex County, upon the trial of an information filed by the Attorney
General against the said Howard Whaley, at the February Term,
1909, charging him with offering the said Rash money for his vote
on the said third day of November, 1908,—the defendant, Rash,
being produced as a witness at said trial denied having made the
statements alleged before the Deputy Attorney General, at
Laurel, upon which said original statements the information against
Whaley was based.

A public stenographer testified at the trial that he
took down in shorthand notes, and correctly transcribed, the
testimony of the said defendant before the Deputy Attorney
General at Laurel, and produced the said transcript, stating that
while he remembered the testimony of the defendant, generally, yet
he could not give it *verbatim*, from memory. The witness was then
permitted to read the testimony referred to from his typewritten
transcript, against the objection of counsel for the defendant that
he could only use such transcript to refresh his memory and must
then testify from his memory so refreshed.

The Official Court Stenographer was produced as a witness for
the state, and after testifying as to his official position and that he
took down in shorthand notes, the testimony of the said defendant
Rash, at the trial of the information against Howard Whaley, at
the October Term, 1909, produced a transcript of said testimony,
which he testified was a true and correct transcript of the same.
The witness was then asked by the Deputy Attorney General
to read certain statements made by the defendant at said trial
concerning Howard Whaley's offering him money for his vote on
November 3, 1908.

Hayes, for defendant, objected contending that the transcript

of the Official Court Stenographer was a record of the court, and was the best evidence of its contents.    The objection was overruled and the witness read from the transcript as requested.    Both the transcript of the public stenographer, taken at the hearing before the deputy Attorney General, at Laurel, and the transcript of the Official Court Stenographer, of the evidence taken at the trial of the information, were subsequently admitted in evidence.

HASTINGS, J., charging the jury:

Gentlemen of the jury:—John H. Rash, the defendant, is charged in this indictment with the crime of perjury.  By the statutes of  this state it is provided that "if any person shall commit the crime of perjury   *   *   *   such person shall be deemed guilty of felony," etc.   The statute does not provide what constitutes perjury and we must therefore define it as it was known at common law, as follows:—When a lawful oath is administered in some judicial proceeding or due course of justice, to a person who swears willfully, absolutely and falsely, in a matter material to the issue or point in question.

In this indictment, there are five separate and distinct counts. It is not necessary, however, for the state to prove to you the facts alleged in each of  said  five counts; if it should satisfy you, beyond a reasonable doubt, of the guilt of the defendant upon any one of said counts, that would be sufficient to warrant a verdict of guilty.

It is contended by the state that the defendant on the eleventh day of  November, A. D. 1908, at Laurel, this county, made certain statements to Charles S  Richards, who was at that time a Deputy Attorney General of this state, which statements in effect charged one Howard Whaley, with attempting by the use of money, on the third day of November, 1908, to influence the vote of  the said  John H. Rash.   The state further contends that at the February term of this court, A. D. 1909, an information was filed by the Attorney General of this state against the said Howard Whaley, charging him with the offense of paying to the said John H. Rash $10 for his vote, on  the  said third day of November, 1908; that on October 11, A. D. 1909, the said  charge against the said Howard Whaley came on

to be heard in this court, and on the same day this defendant, John H. Rash, was produced, sworn, and testified at said trial; that the defendant while so testifying was asked by the Attorney General whether he did not make certain statements mentioned in the indictment in this case to the Deputy Attorney General, Mr. Richards, at Laurel, on November 11, 1908, which the state contends he at that trial denied. The defendant, on the other hand, contends (1) that if he made such false statements it was due to an imperfect recollection, and such statements were not intended to deceive; and (2) that any denials made at the time are so interwoven and mingled with other statements that they do not constitute a willful and absolutely false statement.

To constitute this offense the state must prove to you certain essential facts:

(1)   That the oath administered was in a judicial proceeding.

(2)   That the witness testified falsely.

(3)   That his testimony was wilfully and absolutely false.

(4)   That the matter to which the witness testified was material to the issue.

The record of the case of the *State of Delaware v. Howard Whaley*, is in evidence before you. The issue in that case was whether the said Howard Whaley paid the said John H. Rash $10 to vote, and the false statement which it is alleged the defendant made did not prove or tend to prove that fact. The evidence of this defendant, however, in the Whaley trial, by which he is alleged to have falsely denied that to which he testified before the Deputy Attorney General, was material to the issues in the Whaley trial in so far as such false denial affected the credibility of the defendant as a witness. If, therefore, you find that the defendant made such an absolute and false denial, then the denial was material to the trial of the Whaley case, in that it affected his credibility as a witness. *State v. Shaffner*, 6 *Penn.* 576, 69 *Atl.* 1004.

If you should find the defendant did make the false statements as alleged in the indictment, you should next inquire as to the intent of the defendant; that is, whether such false statements were made by him willfully, absolutely, and corruptly. And we say to you that in determining that fact you should take into considera-

tion all of the statements made by the defendant when testifying in the Whaley case, those that admit the statements alleged as well as those that deny them.

Now, gentlemen of the jury, the facts in this case must be determined by you; the province of the court is to instruct you with reference to the law and leave the facts entirely for your consideration and determination.

If after a careful consideration of this case you are satisfied beyond a reasonable doubt that on November 11, 1908, the defendant made the statements alleged in any one of the counts in this indictment before the Deputy Attorney General at Laurel, and that on the eleventh day of October, 1909, after being duly sworn in the case of *State v. Whaley*, he denied making those statements, and that at the time he so denied making them he knew he was testifying falsely, and that such false testimony was given by him willfully, fraudulently and corruptly, you should render a verdict of guilty; otherwise your verdict should be not guilty.

The law presumes that every one accused of a crime is innocent until proven guilty, beyond a reasonable doubt. By a reasonable doubt is meant, not a vague, fanciful or indefinable doubt, but such a doubt as reasoning men would have under all the circumstances of the case.

When the jury entertains a reasonable doubt of the guilt of the accused in respect to any essential ingredient of the crime, that doubt inures to the benefit of the accused, as the burden of proving the prisoner guilty beyond such a reasonable doubt rests upon the state.

The jury disagreed.