## STATE vs. CLARA THOMAS.

1. WITNESSES—CROSS-EXAMINATION—SCOPE.

On a trial for perjury, under *Rev. Code* 1852, amended to 1893, *p.* 951, *c.* 130, *Sec.* 1, consisting of a denial by the witness of the making of specified statements in an examination before the Attorney General, shortly before the trial of one P. for murder, as to how the deceased was shot, the official court stenographer having testified as to defendant's denial it was improper to ask such stenographer, on cross-examination as to what defendant testified to in the perjury case as to how the shooting occurred, as to what he testified to at the trial of P. as to a promise made to P. to testify for him, as to whether accused was asked at the trial of P. what was meant when he said at the preliminary hearing "Remember what I told you," and as to what accused testified to at the trial of P. as to what she had promised P. to testify to.

2. PERJURY—NATURE AND ELEMENTS OF OFFENSE.

Perjury at common law is committed when a lawful oath is administered. in some judicial proceeding or in due course of justice to a person who swears willfully, absolutely, and falsely in a matter material to the issue or point in question.

3. CRIMINAL LAW—EVIDENCE—WEIGHT AND SUFFICIENCY—REASONABLE DOUBT.

To convict of perjury, the state must show beyond a reasonable doubt that the alleged false testimony was in fact false, and known by accused to be false at the time it was given.

4. PERJURY—INDICTMENT OR INFORMATION—JOINDER—ISSUES AND PROOF.

Where an indictment for perjury contains more than one distinct assignment of perjury upon the same testimony, it will be sufficient if any one of the assignments be proved, and the proof of the substance is sufficient, provided it is in substance and effect the whole of what is contained in the assignment.

5. PERJURY—MATERIALITY.

Where a person is indicted for perjury, it must appear that the matter testified to was either directly pertinent to the issue or point in question, or tended to prove such issue or point.

6. CRIMINAL LAW—EVIDENCE—PRESUMPTIONS AND BURDEN OF PROOF.

Every person charged with crime is presumed to be innocent until the commission thereof is proved to the satisfaction of the jury beyond a reasonable doubt.

7. CRIMINAL LAW—"REASONABLE DOUBT."

"Reasonable doubt" does not mean a mere speculative, fanciful, or possible doubt, but a real, substantial doubt, remaining in the minds of the jurors after a careful, conscientious consideration of all the facts and circumstances surrounding the case.

8. CRIMINAL LAW—EVIDENCE—GOOD CHARACTER OF ACCUSED—HOW CONSIDERED.

Evidence of good character is to be considered by the jury in connection with all the other evidence in the case, in determining the innocence or guilt of the accused.

9. PERJURY—EVIDENCE—CONSIDERATION OF WHOLE TESTIMONY.

On a trial for perjury, consisting of a denial of the making of a written statement before the Attorney General, all the testimony adduced at the trial in such perjury case respecting the statement to the Attorney General, as well as that given in the proceedings in which the denial was made, should be considered by the jury.

(*December* 14, 1910.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Andrew C. Gray*, Attorney General, and *Josiah O. Wolcott*, Deputy Attorney General, for the state.

*Franklin Brockson* for the defendant.

Court of General Sessions, New Castle County, November Term, 1910.

INDICTMENT FOR PERJURY, (No. 31, November Term, 1910).

At the trial the state proved by certain witnesses that the defendant had made the specific statements, as charged in the indictment, in the Attorney General's office a short time before the trial of one Edward Primrose upon the charge of murder of the first degree, to the effect that Primrose pulled Frisby's (the man who was killed) head down and shot him in the back of the head. The Attorney General then called the Official Court Stenographer to the stand and proved by him that at the trial of Primrose subsequently the defendant, Clara Thomas, denied making the said statements to the Attorney General, in his office, in the presence of the said certain witnesses.

*Mr. Brockson* propounded to the Court Stenographer the following questions in cross examination:

X. Please tell the court and the jury what Clara Thomas testified to here on the stand as to how the shooting occurred where August Frisby was shot?

(Objected to by the Attorney General as immaterial to any issue in the case,—which issue was whether the witness had made the specific statements as charged in the indictment. Objection sustained.)

X. State what Clara Thomas testified to at the trial of Ed. Primrose as to the promise she had made to Ed. Primrose to testify for him?

(Objected to by the Attorney General as immaterial to the issue. Objection sustained.)

X. At the trial of Ed. Primrose did not the Attorney General ask Clara Thomas what was meant when Ed. Primrose came in the office before Esquire Harman at Townsend, at the preliminary hearing, when he pointed his finger at her and said, "Remember what I told you," or words to that effect?

(Objected to by the Attorney General as immaterial. Objection sustained.)

X. Will you tell the court and the jury what Clara Thomas testified to at the trial of Ed. Primrose as to what she had promised Ed. Primrose to testify to?

(Objected to by the Attorney General as immaterial. Objection sustained.)

When the state rested, counsel for the defendant asked the Court to instruct the jury to return a verdict of not guilty, because it did not appear from the evidence that the alleged false statements sworn to by the defendant before the Attorney General were material to the issue involved in the trial of Edward Primrose upon the charge of murder of the first degree, also because there was no allegation in the indictment that it is material.

BOYCE, J.:—We decline to instruct the jury as requested.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Clara Thomas, the accused, is charged in this indictment with perjury. The indictment contains three counts.

The Attorney General contends, as substantially averred in the indictment, that, on the fifth day of October, A. D. 1910, one Edward Primrose was placed on trial in the Court of Oyer and Terminer, in this county, for the murder of August Frisby, and that the accused did then and there, upon her oath, falsely, willfully and corruptly depose and say, among other things, in substance, that she, before him, the Attorney General, in his office back of this courtroom, a week or ten days prior to said trial, in the presence of others whose testimony you have heard, did not say to him that the said Primrose had grabbed Frisby's head with his left hand and pulled it down and shot him in the back of the head, and that she, at the same place and time did not say to him, the Attorney General, that the reason she had not told him the truth before was beacuse she had promised Ed. (meaning Primrose) to testify on his side, whereas, as assigned in this indictment, in substance as in truth and in fact, the accused, at the time she gave her testimony on oath in said court, then and there well knew that she did so testify on oath before the Attorney General at the time and place aforesaid, and in the manner and

substance aforesaid, and that by her own act and consent and of her own wicked and corrupt mind and disposition, in manner and form aforesaid, did falsely, wickedly, corruptly and feloniously commit willful and corrupt perjury, etc.

The accused disclaims any recollection of testifying before the Attorney General as alleged. By a statute, in this state, it is provided that "if any person shall commit the crime of perjury," etc., * * * "such person shall be deemed guilty of felony." *Rev. Code* (1893,) § 1, *c.* 130.

Perjury was an offense at common law, and has been described to be where a lawful oath is administered in some judicial proceeding, or due course of justice, to a person who swears willfully, absolutely and falsely, in a matter material to the issue or point in question. *State v. Shaffner*, 6 *Penn.*, 576, 69 *Atl.* 1004.

To establish the guilt of the accused it is necessary for the state to satisfy you, beyond a reasonable doubt, that the accused did testify, under oath, at the trial of Edward Primrose, for the murder of August Frisby, in the said Court of Oyer and Terminer, in this county, and that her testimony was false and was known by her to be false, at the time she gave it, as set forth in the indictment.

Where the indictment contains more than one distinct assignment of perjury upon the same testimony, as in this case, it will be sufficient if any one of them be proved; and proof of the substance is sufficient, provided it is in substance and effect the whole of what is contained in the assignment set forth in the indictment. 3 *Greenleaf on Evidence*, § 193.

As to the materiality of the matter to which the accused is alleged to have testified under oath, it must appear either to have been directly pertinent to the issue, or point in question, in the said trial of Primrose, or tending to prove the issue or point in question in said trial.

Every person charged with crime is presumed to be innocent until the commission thereof is proved to the satisfaction of the jury, beyond a reasonable doubt. In criminal cases, a reasonable doubt inures to the acquittal of the accused. By reasonable doubt is not meant a mere speculative, fanciful or possible doubt,

but a real, substantial doubt, remaining in the minds of the jurors after a careful, conscientious consideration of all the facts and circumstances surrounding the case.

Evidence of good character when produced is to be considered by the jury in connection with all the other evidence in the case in determining the innocence or guilt of the accused.

In determining the question before you, you should take into consideration all the testimony adduced at this trial respecting the testimony alleged to have been given by the accused on her oath before the Attorney General, before the trial of Primrose as well as that given by her at said trial.

If you are satisfied beyond a reasonable doubt, such as we have defined to you, that the testimony alleged to have been given by the accused at the trial of Primrose was given, and that it was false, and that it was given by the accused willfully and corruptly, knowing it to be false, your verdict should be guilty; otherwise your verdict should be not guilty.

Verdict, not guilty.