---

PEOPLE v. MORRIS.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

1. PERJURY (§ 15*)—DEFENSE.

Where defendant in a bastardy proceeding falsely testified that he was not married, the fact that he did so to save his wife and mother from disgrace was no defense to a prosecution for perjury, if the fact that he was married was material.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. § 62; Dec. Dig. § 15.*]

2. PERJURY (§ 11*)—MATERIALITY OF TESTIMONY.

False testimony, to be perjury, need not be direct proof upon the issue; but it is sufficient if it is circumstantially material, or tends to support and give credit to the witness in respect of the main fact, or could properly have influenced the court upon a question before it for determination.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 38–54; Dec. Dig. § 11.*]

3. PERJURY (§ 29*)—MATERIALITY OF TESTIMONY—ALLEGATION AND PROOF.

In a prosecution for perjury, the materiality of the testimony must not only be shown in the indictment, but must also be proven on the trial.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 97–106; Dec. Dig. § 29.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PERJURY (§ 33*)—MATERIALITY OF TESTIMONY—EVIDENCE.

 In a prosecution for perjury, in that defendant testified falsely that he was not married in a bastardy proceeding, evidence *held* insufficient to show that the false statement was material.

 [Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 117–124; Dec. Dig. § 33.*]

 McLennan, P. J., dissenting.

Appeal from Chautauqua County Court.

Santee W. Morris was convicted of perjury, and he appeals. Reversed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, and FOOTE, JJ.

Harry M. Young, of Mayville, for appellant.

L. L. Thrasher, of Fredonia, for respondent.

KRUSE, J. The defendant was convicted of perjury for swearing falsely upon a bastardy proceeding brought against him. He testified that he was unmarried and never had been married, when in fact he had been married and then had a wife living.

[1] That he so testified willfully, knowing that his testimony was false, is beyond doubt. The excuse he makes for so doing is that he wanted to save his wife and mother from disgrace. This, however, does not save him from conviction for perjury, if what he swore to was material. His motive or object is unimportant, if in fact he willfully testified falsely, knowing his testimony to be false. People ex rel. Hegeman v. Corrigan, 195 N. Y. 1, 87 N. E. 792.

[2] But his testimony must have been material to make out the crime of perjury (Penal Law, § 1620; People ex rel. Hegeman v. Corrigan, supra; People v. Teal, 196 N. Y. 372, 89 N. E. 1086, 25 L. R. A. [N. S.] 120, 17 Ann. Cas. 1175; People v. Peck, 146 App. Div. 266, 130 N. Y. Supp. 967, affirmed 206 N. Y. 669, 99 N. E. 1114), and that question is one of law (People ex rel. Hegeman v. Corrigan, supra; People v. Peck, supra). The test is whether the statement could properly have influenced the court which was investigating the bastardy proceeding, upon any question which was before it for its determination. The testimony need not be direct proof upon the issue. If the false statement is circumstantially material or tends to support and give credit to the witness in respect of the main fact, it is sufficient to sustain a charge of perjury. Wood v. People, 59 N. Y. 117, 123.

[3] The learned district attorney concedes that the false testimony was not material upon the main question, namely, whether the defendant was the father of the child, but contends it was material on the question as to what amount he should be required to pay to support the child and mother. The indictment alleges that the testimony was material upon the inquiry and charge against the defendant, which included and embraced inquiries into the financial condition of the defendant and the legal obligation resting upon him to support and maintain other persons. It is possible that the testimony may have

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been material upon that inquiry, but not only must the materiality be shown in the indictment itself, either by direct statement or by the facts stated therein (People v. Peck, supra); it must also be proven on the trial (Wood v. People, supra).

Title 5 of the Code of Criminal Procedure relates to bastardy proceedings. It is there provided that the father and mother of a bastard are liable for its support, and in case of their neglect or inability it must be supported by the county, city, or town chargeable therewith, under the provisions of the Poor Law (Consol. Laws 1909, c. 42; Code of Criminal Procedure, § 839). The parents may be compelled to support the child and proceedings may be instituted for that purpose by the officers having the care of the poor. If upon such a proceeding, the magistrates before whom the proceeding is brought determine that the defendant is the father of the child, they must make an order of filiation, specifying therein the sum to be paid by him for the support of the child, and the mother during her confinement and recovery, if she be indigent, and the necessary funeral expenses of the child if it shall die, and certify the costs of the proceeding. Section 850. Defendant must immediately pay the costs and give an undertaking, with sufficient sureties approved by the magistrates to pay the sum so directed to be paid, or which may be ordered by the County Court, and to indemnify the counties, cities, or towns which may have been or may be put to expense for such support of the child and its mother, against those expenses, as therein stated; or an undertaking that he will appear at the next term of the County Court to answer the charge and obey its orders, or pay a sum equal to the full indemnity as therein provided. Section 851. Upon giving such undertaking the defendant must be discharged; otherwise stand committed to the jail or prison therein named. Section 852. Provision is also made for reducing or increasing the amount directed to be paid. Section 859. Chapter 2 of the same title provides for an appeal to the County Court, and for discharging a defendant from imprisonment, if the court is satisfied that the defendant is wholly unable to support the bastard or to contribute to its support, or to procure security therefor. Sections 877, 878.

[4] The testimony on behalf of the prosecution relating to the false testimony is very brief. It appeared that in the bastardy proceeding the defendant was called as a witness for the overseer of the poor, and after being sworn and stating that his occupation was that of a traveling salesman, he was asked, "Are you a married man?" and answered, "No, sir." He was then asked, "Ever been married?" "No, sir." In the proceedings subsequently had in the County Court to discharge the defendant from imprisonment, the defendant at first testified that he was unmarried, but immediately thereafter stated that he was married and that his wife lived in Buffalo, N. Y., giving her place of residence and how long they had been married and by whom. Upon the perjury trial the defendant was sworn on his own behalf and testified there that he was married; that he had testified falsely about that fact in the bastardy proceeding; that he had done so to keep the matter from his wife and mother and to save them from

disgrace; and that on the bastardy proceeding he was examined about money matters and as to whether or not he was married. The nature of the examination about the money matters does not appear. This is substantially all of the testimony relating to the false testimony or to show its relevancy in the bastardy proceedings.

While the defendant was under a legal obligation to support his wife as well as his bastard child, it is not apparent how it became material to show in the bastardy proceeding that the defendant had a wife. If it was material there, it should have been made to appear on the perjury trial. Even upon the application to discharge him from imprisonment, the circumstances had but a remote bearing. But there he testified truthfully.

As has been pointed out, the law requires the defendant to support his bastard child. A full indemnity to protect the public against the expenses thereof by way of an undertaking must be given by him in the first instance, or he must go to prison. If after that he is unable to support the child or give the undertaking, proceedings may be taken to release him from imprisonment. Upon that proceeding the question of his financial condition and ability to support the child becomes material.

I think the judgment of conviction should be reversed, and a new trial ordered.

Judgment of conviction reversed, and new trial granted. All concur, except McLENNAN, P. J., dissenting.

McLENNAN, P. J. I dissent and vote for the affirmance of the judgment of conviction of the crime of perjury upon the ground that the matter as to which the defendant falsely testified was material to the issue before the justices who made the order of filiation. As stated in the opinion of Mr. Justice KRUSE, the sole question presented is whether or not the testimony of the defendant was material, even if in fact the defendant willfully testified falsely, knowing his testimony to be false. It was material in the investigation before the official authorized to act in this proceeding to determine two questions: First, was the defendant the father of the alleged illegitimate child? That has been finally determined against the defendant. The official was also charged with the duty of requiring the defendant to make such provision for the defendant's child and its mother as he thought proper, and an order of filiation was made. It is perfectly plain, as it seems to me, that the official making such order of filiation should have considered the ability of the defendant to pay for the support of his illegitimate child and its mother, and the award made in such case, assuming that he was unmarried, would or might be quite different if the official knew that he had a wife and family dependent upon him for support and whom he was under the laws of this state required to support. Not that his false swearing that he was a single man would influence the official in making such determination in the first instance, but when it came to his knowledge that he was a married man, and that his duty to his family required that certain of his wages or income should be devoted to the support of his legitimate

family rather than to the support of his illegitimate child and its mother, it seems to me makes his false swearing material in every sense of the word. Here is a case in which the defendant concededly testified falsely. His only excuse for avoiding punishment for such false swearing is that the matter as to which he swore falsely is immaterial, and therefore he should go free. My notion is that the defendant swore falsely as to a material issue, and therefore that the judgment should be affirmed.