# COURT OF GENERAL SESSIONS — COUNTY OF NEW YORK.

## May, 1917.

## THE PEOPLE v. SOLOMON BRILL.

(100 Misc. 92.)

PERJURY*—FALSE TESTIMONY MUST BE MATERIAL—CRIMINAL LAW—EVIDENCE—WHEN MOTION TO DISMISS INDICTMENT GRANTED.

False testimony to constitute perjury under the statutory definition of that crime must be given concerning material matter; if the testimony is willfully false and is material for any purpose under the issue and is received, even though it might have been excluded under some rule of admissibility, it is perjury.

Where defendant was charged by indictment with perjury in that he willfully and knowingly testified falsely in a civil action that he had not signed a certain paper, when in truth it had been signed by him and delivered to the defendant in said action, and upon the reversal of a judgment in favor of defendant it was held that the testimony concerning the existence of said paper was immaterial to any of the issues raised by the pleadings and presented upon the trial, and upon a new trial which had been directed evidence concerning said paper was excluded and judgment entered for plaintiffs, judicial comity and a sound public policy require that upon a motion to dismiss the indictment the court should be governed by such decision, and the motion granted.

MOTION to dismiss indictment.

*Edward Swann, District Attorney,* for People.

*Joseph I. Green* and *Charles L. Hoffman,* for defendant.

---

* See Notes, Vols. 12, p. 256; 16, p. 491; 17, p. 408; 26, p. 273.

WADHAMS, J.:

Motion is made to dismiss the indictment. The charge is that the defendant committed perjury in that he willfully and knowingly swore falsely in an action in the City Court of the city of New York entitled " Bernard Bloom et al., Plaintiffs, against Hyman Horwitz et al., Defendants," that he had not signed a certain paper when in truth such paper had been signed by the defendant and delivered to the said Horwitz.

By stipulation of the parties, there being no dispute as to the facts, the minutes of the grand jury, the case on appeal in the civil action and all the papers and proceedings in this and in the civil action are made a part of the motion papers.

Perjury is defined by section 1620 of the Penal Law as follows: "A person who swears or affirms that he will truly testify, declare, depose, or certify, or that any testimony, declaration, deposition, certificate, affidavit or other writing by him subscribed, is true, in an action, or a special proceeding, or upon any hearing, or inquiry, or on any occasion in which an oath is required by law, or is necessary for the prosecution or defense of a private right, or for the ends of public justice, or may lawfully be administered, and who in such action or proceeding, or on such hearing, inquiry or other occasion, willfully and knowingly testifies, declares, deposes, or certifies falsely, in any material matter, or states in his testimony, declaration, deposition, affidavit, or certificate, any material matter to be true which he knows to be false, is guilty of perjury."

Unless the matter concerning which the defendant gave testimony was " material " to the issues in the action in the City Court the indictment cannot be sustained.

It is conceded for the purpose of this motion that the defendant named in this indictment appeared as a witness for the plaintiffs in the civil action and upon being questioned concerning the paper denied that he had signed it. Judgment was

obtained for the defendants. The case was appealed and the Appellate Term of the Supreme Court reversed the judgment and directed a new trial, holding, in a careful opinion delivered by Mr. Justice Bijur, that the testimony concerning the existence of this paper and, therefore, Brill's testimony with respect to it, was immaterial to any of the issues raised by the pleadings and presented upon the trial. A new trial was thereupon had, at which evidence concerning the paper was excluded, and judgment was entered for the plaintiffs.

It is urged by the prosecution that this court should make an original inquiry as to whether or not the testimony in the civil action was material. The precise point as to the materiality of the testimony in question has been determined by a court of competent jurisdiction, and, although the parties in the action pending before me are different, judicial comity and a sound public policy require that this court should be governed by the decision so rendered.

The further contention, however, is made in support of the indictment that even though it has been held in a civil action that the testimony was not material that the word " material," as used in the definition of perjury, should be given a broad construction and, inasmuch as it appears that the testimony in question did affect the result on the first trial in the civil action, that the gravamen of the offense is the same, whether or not the evidence was material, under the rules of law, to the determination of the issue in the civil action.

In support of this contention, the case of People v. Hebberd (96 Misc. Rep. 617) is cited. Mr. Justice Greenbaum, at page 649, says: " The word ' material ' in the statute is not to be given a narrow meaning. It is not limited to testimony directly bearing upon an issue, but to testimony that is elicited upon collateral questions. The test of materiality is whether the court, official tribunal or jury empowered to hear the testimony in a proceeding or trial may be influenced thereby in

determining the matter under consideration." The citation does not support the contention. The false testimony, to constitute perjury under the statutory definition of perjury, must be given concerning material matter. If the testimony is willfully false and is material for any purpose under the issue and is received, even though it might have been excluded under some rule of admissibility, it is perjury. Professor Wigmore, in his " Treatise on the System of Evidence in Trials at Criminal Law " (§ 12), states: "Admissibility signifies that the particular fact is relevant and something more,— that it has also satisfied all the auxiliary tests and privileges." The word " material " might well have been used instead of the word " relevant; " in fact, writers and jurists frequently use the words interchangeably. They are so used by Judge ANDREWS in the case of Wood v. People (59 N. Y. 117, 123). The statute requires that the testimony must be concerning matter which is " material," but the evidence received need not satisfy auxiliary tests as to form or competency or rules of procedure. The evidence having been received, the precise question as to whether or not it may be a foundation for the charge of perjury is confined to the question whether it is material. If " relevant " be defined as a broader term than " material,"· even matter received as relevant would not support the charge unless it was also material. It is in this sense that the language in the leading case of People v. Teal (196 N. Y. 372) is applicable. Judge WERNER, at page 377, says: " We may pass without discussion the elements of irrelevancy and incompetency. These could have been waived. They are, moreover, not essential to the commission of perjury as defined in the statute. It is different, however, as to materiality. If the false testimony is not material it cannot support an indictment for perjury.

So, also, testimony elicited concerning a collateral matter may be the basis of perjury, provided such testimony is material either as tending to prove or disprove a fact bearing on any

matter at issue. The word " collateral " as here used does not mean unrelated or immaterial, but is used to signify testimony which, although not direct proof upon the issue, yet has substantial bearing upon the testimony relating to the issues. (Bishop Crim. Law, § 1032; Wharton Crim. Law (10th ed.), §§ 1267, 1277; United States v. Shinn, 14 Fed. Repr. 447, 453.)

In Wood v. People (supra), Judge ANDREWS says, at page 123: " It is not necessary that the false statements should tend directly to prove the issue in order to sustain an indictment. If the matter falsely sworn to is circumstantially material or tends to support and give credit to the witness in respect to the main fact, it is perjury." Greenleaf, in his Treatise of the Law of Evidence (16th ed., vol. 3, § 195), says: "As to the *materiality* of the matter to which the prisoner testified, it must appear either to have been directly pertinent to the issue or point in question, or tending to increase or diminish the damages, or to induce the jury or judge to give readier credit to the substantial part of the evidence. But the *degree* of materiality is of no importance; for, if it tends to prove the matter in hand, it is enough, though it be but circumstantial. Thus falsehood, in the statement of collateral matters, not of substance, such as the day in an action of trespass, or the kind of staff with which an assault was made, or the color of his clothes, or the like, may or may not be criminal, according as they may tend to give weight and force to other and material circumstances, or to give additional credit to the testimony of the witness himself or of some other witness in the cause. And, therefore, every question upon the cross-examination of a witness is said to be material." Although it is stated that every question upon the cross-examination of a witness is said to be material, it is obvious that the answers given would not necessarily be material, and, therefore, not properly the basis for a charge of perjury unless the inquiry either concerned the issues before the

court or properly tested the character of the witness.    The same author in defining the rules governing cross-examination has recognized this fact.    The general rule limits such examination to matters concerning the examination in chief and prohibits inquiry concerning unrelated facts merely with a view to subsequently attempting to contradict the witness by calling other witnesses.    On the contrary, questions concerning the prior conviction of a witness for a crime or other disgraceful conduct are material as affecting credibility.    (1 Greenl. Ev. [16th ed.], § 469j.)    So it has been held in People v. Courtney (94 N. Y. 490) that a denial by defendant on a trial for forgery that he ever went by any other name than that of Courtney and that he had ever been in any prison, being false, was perjury. Judge ANDREWS, at page 494, said: " It is true that the false testimony did not bear directly upon the main issue on the trial for forgery, but only upon the credit of the witness who gave material evidence on the merits.    Evidence going to the credit of a witness who has given material evidence is relevant, because it helps the jury in determining the main issue."    So evidence which might have been excluded as secondary (Howard v. Sexton, 4 N. Y. 157) and the testimony of a witness to whom objection might have been made as incompetent (Van Steenbergh v. Kortz, 10 Johns. 166) may be the basis of perjury. And on the other hand, testimony incorrectly admitted in evidence, the same not being material to the issues, will not support an indictment for perjury.    (Ross v. Rouse, 1 Wend. 475; Wood v. People, 59 N. Y. 117.)

The test, therefore, is not whether as a matter of formality the testimony might have been excluded under the rules of procedure or whether it was correctly admitted under the rule of evidence, but rather, having been received, being false, whether it was material matter, that is, whether it had probative value rationally to influence the result upon the merits.    Wharton in his Treatise on Criminal Law says: " The test is, was the evi-

dence such as apparently conduced to support an hypothesis logically pertinent to the issue?" (10th ed., § 1277.) Bishop, in his Commentaries on the Criminal Law, says: "The true test would seem, in reason, to be, whether the evidence could have properly influenced the tribunal. Though by accepted rules of practice it ought to have been rejected, still, if admitted, it must be deemed to have wrought its legitimate results. The ruling of the judge was the law for the moment and the occasion when and upon which the witness gave the testimony; therefore, if it was pertinent and false, it should be adjudged perjury." (7th ed., § 1036.) I take it that the word "pertinent" is here used as a synonym for the word "material."

The rule is stated in People v. Moris (155 App. Div. 711), Mr. Justice KRUSE stating at page 712: "The test is whether the statement could properly have influenced the court which was investigating the bastardy proceeding upon any question which was before it for its determination." (See, also, People v. Schweichler, 16 Cal. App. 738, 117 Pac. Rep. 939.)

The word "materiality" is defined in Bouvier's Law Dictionary as follows: "The property of substantial importance or influence, especially as distinguished from formal requirement. Capability of properly influencing the result of the trial." Other tests aside, and the evidence being before the court, the test must be applied as to whether the evidence was material, whether, as distinguished from any formal requirement, it meets the requirement of substantial importance or influence; that is, whether it has probative force and so is capable of properly influencing the result of the trial.

It will be observed that in these quotations the test is laid down as to whether the statement could *properly* have influenced the court. Matter which should be excluded as immaterial cannot properly influence the court. And in like manner in the statement of the rule by Mr. Justice GREENBAUM, in the

case of People v. Hebberd (*supra*), wherein it is stated that the test of materiality is whether the tribunal or jury may be influenced by the testimony in determining the matter under consideration, the word " influenced " must be held to mean properly influenced, in the sense that the testimony had substantial probative value with relation to an issue before the court. The word " material " as used in the statute in no sense differs from the word " material " as used in the law of evidence and as applied in modern practice in civil causes. The word " material " in the statute means material in the cause in which the testimony was given. To hold otherwise would extend the definition of perjury to include testimony which may have improperly influenced the jury, inasmuch as it did not bear directly or indirectly upon any of the issues in the controversy. It would require a redefinition of the word " material " by each presiding judge at the trial of every indictment for perjury. This would introduce endless confusion and make uncertain the definition of perjury. Up to this time it has been deemed wise by the Legislature to confine perjury to testimony material to the issues in controversy, upon which the attention of the witness is concentrated and not to hold a witness criminally responsible for statements, even though they be incorrect or untrue, with respect to other matters.

The statute may not be construed as, in effect, to strike out the word " material " from the definition of perjury. At common law, as well as in the statutory definition, the false swearing to constitute perjury must be concerning a matter material to the issue or point in question. (3 Greenl. Ev. [16th ed.], § 188; Bishop Crim. Law [7th ed.], § 1015.) As was said by Judge WERNER, in People v. Teal (196 N. Y. 372), at page 376: " From time immemorial the common law has made the materiality of false testimony an essential ingredient of the crime of perjury. From their earliest beginnings our statutes have always embodied that rule. * * * The language of

the statute is that a person who willfully and knowingly testifies falsely, *in any material matter,* is guilty of perjury." And at page 378, Judge WERNER states further: " It is suggested that this is a narrow and technical view of the question which will permit to go unpunished many who are as morally culpable as though the false testimony given or solicited by them were actually material to an issue in existence when the false testimony is given or solicited. There are several answers to this intimation. We read the statute as we find it. If it is ever deemed wise to take out of the statute defining perjury the element of materiality in the false testimony given, suborned or solicited that should be done by legislative enactment and not by judicial construction. We admit that the rule of strict construction applicable to penal statutes is modified by the legislative declaration that the Penal Code (now Penal Law) shall be ' construed according to the fair import of their terms, to promote justice and effect the objects of the law,' but we do not think that this means that an essential part of a statute may be ignored for the purpose of promoting justice in a particular case."

The Appellate Term of the Supreme Court has held that the testimony in question, concerning as it did a paper bearing date February tenth (whereas the note in issue was dated February twenty-third) that had been surrendered by the holder at the time of the delivery of the note to him, was immaterial for any purpose. (Bloom v. Horwitz, 97 Misc. Rep. 622.)

It has been uniformly held that the testimony must have been material to the issue in the civil action in which the witness was called to constitute the crime of perjury. (Bullock v. Koon, 4 Wend. 531; Chamberlain v. People, 23 N. Y. 85; Wood v. People, 59 id. 117; People ex rel. Hegeman v. Corrigan, 195 id. 1; People v. Teal, 196 id. 372; People v. Davis, 122 App. Div. 569; People v. Peck, 146 id. 266; affd., 206

N. Y. 669; People v. Morris, 155 App. Div. 711; People v. Hebberd, 96 Misc. Rep. 617.) As the alleged false swearing, therefore, goes to a point the existence or non-existence of which cannot affect the question in dispute it concerns a matter which is not material and therefore is not perjury.

Although the conclusion reached disposes of the motion before the court, in view of the nature of the charge it is proper to state that, even assuming the evidence was material, the indictment could not be sustained for it appears from the record in the civil trial that this defendant's attention was not at first directed to the particular paper and when a photographic copy of it was subsequently shown him he told the truth and admitted that he had signed it. The law encourages the correction of erroneous and even intentionally false statements on the part of a witness and perjury will not be predicated upon such statements when the witness, before the submission of the case, fully corrects his testimony. (People v. Gillette, 126 App. Div. 666.)

It having been held that the testimony in question was not concerning a material matter and, it being conceded upon this motion that it is this very testimony which is made the subject of the charges of perjury, the motion to dismiss the indictment is granted.

Motion granted.