PAUL MUMFORD, Defendant Below, Appellant, v. THE STATE OF DELAWARE, Plaintiff Below, Appellee.

(*July* 30, 1958.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Daniel J. Layton, Jr.*, for appellant.

*Ralph S. Baker,* Deputy Attorney-General for Sussex County, for appellee.

Supreme Court of the State of Delaware, No. 5, 1958.

BRAMHALL, J.:

This appeal relates to the materiality of certain testimony of defendant, based upon which he was indicted for perjury, and to the sufficiency of the allegation of material facts in the indictment.

Defendant was convicted in the Superior Court, in a trial before a judge without a jury, for having committed perjury while testifying as a witness in a former trial, in which he was charged with the crime of issuing worthless checks. At the end of the former trial the court dismissed the indictment because of a variance between the indictment and proof, the indictment charging the issuance of checks by defendant in his personal capacity and the proofs showing that these checks were issued by defendant in his capacity as an officer of a corporation.

During the course of the first trial defendant testified that a former employee, while defendant was incapacitated by reason of an accident, had from time to time made deposits to the credit of defendant's account to such an extent that defendant had good reason to assume that he had sufficient funds in the bank to cover the checks in question when presented for payment. This testimony was alleged to be false and was the basis of defendant's prosecution for perjury. The trial judge found defendant guilty of perjury. Motions for new trial and in arrest of judgment were denied. Defendant appealed.

Defendant contends that the testimony upon which the charge of perjury was based was not material to the issue being

tried in his first trial. His argument is based upon the fact that, although defendant was indicted in the former trial in his individual capacity, when the case came to trial the proofs showed that the checks were issued by defendant in his capacity as an officer of a corporation, and that the charge could have been dismissed at the close of the State's case. No such motion was made, the fatal variance in the State's case having escaped the attention of appellant's then counsel, who was not his present counsel.

This is not a case where objection was made to the admission of testimony at the time it was offered; defendant offered it himself for the purpose of showing that the worthless checks were not issued wilfully, as charged in the indictment. In rebuttal the State offered evidence to show—and the trial judge necessarily so found—that this testimony was false. It was not until the testimony was all in that a motion was made on behalf of defendant for his discharge because of this discrepancy.

Since the statute in this State making perjury a crime (Title 11, *Del C.* 1953, Sec. 721) does not define it, we must look to the common law for a definition. *State v. Rash,* 2 Boyce 77, 78 *A.* 405. As so defined by decisions in this State perjury consists of wilfully, absolutely and falsely swearing to a matter material to the issue. *State v. Shaffner,* 6 *Penn.* 576, 69 *A.* 1004; *State v. Thomas,* 2 *Boyce* 20, 78 *A.* 640. The words "material to the issue" do not necessarily mean that the testimony for which the indictment was laid was necessarily material to the main issue; it is sufficient if it had a substantial bearing upon the testimony relating to the main issue. *People v. Brill,* 100 *Misc. Rep.* 92, 165 *N. Y. S.* 65; *United States v. Slutzky,* 79 *F.* 2d 504. In this case, the testimony of defendant was offered for the purpose of influencing the decision of the trier of fact. It constitutes the basis of the crime of perjury and is what was intended through the statute to punish.

We think that the testimony of defendant offered in this case as the basis for the charge of perjury was material. As above

stated, defendant's testimony was offered for the purpose of rebutting the imputation that the issuance of the worthless checks was wilful, an essential element of the crime with the commission of which defendant was charged. If defendant's testimony in this respect had been believed, defendant would have been entitled to an acquittal based upon the facts presented at the trial. A determination at the conclusion of all the testimony that the indictment was defective because of a variance, or even that the testimony should not have been admitted, did not affect the materiality of this testimony. *United States v. Williams*, 71 *S. Ct.* 595, 341 *U. S.* 58; *People v. Brill, supra.* See *Wharton's Criminal Law and Procedure* (1957), Vol. III, Sections 1314 and 1318.

Defendant complains that the indictment fails to set forth the name of the court in which the false testimony was given. He also states that the indictment at the pervious trial was not offered in evidence, nor was there any word in the record showing whether defendant had been sworn, and, if so, whether the person administering the oath had authority to do so.

We think that defendant's contention as to the state of the record is inaccurate. The whole record in the former trial was admitted in evidence. Although the order of the trial judge stipulated that except for that portion of the record setting forth the false testimony the record should be admitted for "background" purposes only, we think that it was, in effect, admitted for all purposes. At any rate, even under the limited ruling of the trial judge, the fact that defendant was duly sworn (in which case the authority of the officer administering the oath would be presumed) could be proven by the record. This record shows that the trial took place in the Superior Court and that the defendant was duly sworn.

Defendant's principal objection to the indictment was its failure to set forth the name of the Court in which defendant was tried. Defendant contends that the indictment does not meet

the requirements of Title 11 *Del. C.* 1953, Sec. 3104, relating to perjury indictments.

The State contends that Sec. 3104 was repealed by implication by Sec. 5318 of the *Revised Code of Delaware* 1935 and by Rule 7(c) of the *Rules of Criminal Procedure of the Superior Court.* Sec. 5318 was not reenacted in the 1953 Code but is presumably covered by Rule 7 (2) (c). The State further contends that defendant by failing before trial to move to quash the indictment has waived his right to do so.

No motion to quash or other motion relating to the indictment was made prior to trial. However, at the close of the State's case, defendant by motion attacked the validity of the indictment upon the grounds above set forth.

The language of the indictment is as follows:

"The Grand Jury charges PAUL MUMFORD with the following offense, a felony:

Perjury in violation of Title 11, Section 721 of the *Delaware Code* of 1953.

PAUL MUMFORD on the 6th day of February, 1957 while testifying under oath as a witness in his own behalf in the Superior Court Room at Georgetown, Georgetown Hundred, Sussex County, Delaware, during the course of the trial of an action entitled *The State of Delaware vs. Paul Mumford* on a charge of Issuing Worthless Checks and after having been duly sworn that he would testify truthfully did wilfully and knowingly testify falsely to a material matter in that he testified that one George J. Messix did make many deposits in The Hallwood National Bank from the sale of trailers to the credit of Eastern Trailers Sales, Inc. whereas in truth and in fact the defendant, Paul Mumford, then and there well knew that George J. Messix did

not make any deposits in The Hallwood National Bank and that he, Paul Mumford, was swearing and testifying falsely."

A TRUE BILL

/s/ Marvel Lynch
FOREMAN

Title 11, *Delaware Code* 1953, Sec. 3104 is as follows:

"In an indictment for perjury, it is sufficient to set forth the substance of the offense charged, stating before whom, or in what court, the oath, or affirmation, was administered, or taken, the general nature of the cause or proceedings, with the names of the parties, and proper averments to falsify the matter wherein the perjury is assigned, without setting forth the complaint, answer, indictment, information, declaration, or any part of any record, either in law or in equity and without setting forth the commission, or authority of the court, or person, before whom the perjury was committed."

The statute in this State relative to indictments for perjury is in all essential respects similar to the statutes of a number of other states; they are all, in substance, reenactments of the British Statute 23 Geo. II, Ch. 11, and were passed to obviate the difficulties attending the prosecution of perjury cases. Under these statutes the necessity of setting forth the indictment or information, or any other part of the record, was eliminated, but it was still necessary that the indictment be drawn with such particularity as would set forth the substantial facts upon which the indictment was based, including before whom or in what Court the oath or affirmation was taken.

We think that the statute upon which defendant relies was impliedly repealed by Sec. 5318 of the Revised Code of 1935, relating to indictments, the substance of the latter section being included in Rule 7 (c) of the Rules of Criminal Procedure of the Superior Court promulgated in 1953. This rule, which is exactly like its counterpart of the same number as set forth in

the Federal Rules of Criminal Procedure, provides that the indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and that it need not contain any other matter not necessary to such statement. This rule has been generally interpreted as requiring only (1) that it apprise defendant of the specific offense with which he is charged, and (2) that it be sufficiently definite so that defendant, if he is later charged with the same or an included offense, may plead double jeopardy. *U. S. v. Debrow,* 74 *S. Ct.* 113, 346 *U. S.* 374; *U. S. v. Young,* 14 *F. R. D.* 406; *U. S. v. Lattimore,* 112 *F. Supp.* 507.

Defendant's contention, as we interpret it, is not that the Superior Court has no jurisdiction in perjury cases generally, but that the failure to set forth in the indictment the name of the Court in which the testimony referred to was taken constituted a failure to charge an offense.

It is a well established rule of law generally that perjury cannot be charged on a false oath in a proceeding before a Court which had no jurisdiction to inquire into the matter which was the subject of that proceeding or where the failure of the indictment or information to state facts constituting a crime is involved. If in this case the failure to set forth in the indictment the name of the Court in which the oath was taken constitutes lack of jurisdiction or failure to charge an offense, then objection thereto may be made at any stage of the proceedings. *Scott v. State,* 10 *Terry* 251, 117 *A.* 2d 831. It is so provided in Rule 12 (b) (2) of the Rules of Criminal Procedure of the Superior Court.

But we think that the indictment charges defendant with the commission of the crime of perjury. As previously stated, under Rule 7 (c) of the Rules of Criminal Procedure of the Superior Court, the only requirement concerning an indictment is that it must apprise the defendant of the specific offense with which he is charged and that the indictment must be sufficiently definite in order that if the defendant is later charged with the same or

an included offense, he will be in a position to plead double jeopardy. We think that the indictment in this case meets these requirements and that the failure to set forth therein the name of the Court in which the false testimony was given could have been supplied defendant, if he had required it, by a bill of particulars. Evidently he did not consider that such information was necessary since the record discloses that he was fully informed of all the details of the charge against him.

We think that under the facts of this case if defendant desired to move to quash the indictment, it was necessary under Rule 12 (b) (2) of the Rules of Criminal Procedure of the Superior Court that the defendant make his motion prior to trial. His failure to make such a motion, under the circumstances of this case, constituted a waiver of his right to do so. *Scott v. State, supra.* See *State v. Marvel,* 3 *W. W. Harr.* 102, 131 *A.* 313, affirmed 3 *W. W. Harr.* 110, 131 *A.* 317. See also *Wharton's Criminal Law and Procedure,* Vol. 4, Sec. 1864, p. 717.

The judgment will be affirmed.